**In re COMPLETERX, LTD., Relator.**

**No. 12–11–00391–CV.**

Court of Appeals of Texas, Tyler.

April 18, 2012.

---

Katherine L.I. Hacker, Jonathan J. Ross, Susman Godfrey LLP, Houston, Suyash Agrawal, Susman Godfrey LLP, New York, NY, for Relator.

Rex A. Nichols, Jr., Nichols & Nichols P.C., Longview, for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Good Shepherd Hospital sued Relator, CompleteRx, Ltd., for an accounting. CompleteRx made an offer of settlement to Good Shepherd pursuant to Texas Rule of Civil Procedure 167. On Good Shepherd's motion, the trial court entered an order modifying the deadline for Good Shepherd to respond to the offer.

In this original mandamus proceeding, CompleteRx challenges the trial court's December 8, 2011 order modifying the deadline for responding to the offer. We agree with CompleteRx that the trial court clearly abused its discretion in rendering the order. We also agree that CompleteRx does not have an adequate remedy at law. Accordingly, we conditionally grant the requested mandamus relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Between October 1, 2005, and March 1, 2010, Good Shepherd and CompleteRx had a pharmacy management agreement whereby CompleteRx managed Good Shepherd's pharmacy. During that time, CompleteRx administered prescription drugs to patients and then billed Good Shepherd for those drugs. Following termination of the agreement, Good Shepherd audited the sale of prescription drugs for a one year period and determined that CompleteRx had substantially overcharged it. Good Shepherd extrapolated the amount of the overcharges over the period of the agreement and concluded that the total overcharges by CompleteRx could be "hundreds of thousands of dollars." On January 19, 2011, Good Shepherd sued CompleteRx for an accounting. The parties agree that the statute of limitations has run for any overcharges from the inception of the agreement through January 18, 2007.

After filing an answer and counterclaim, CompleteRx audited its financial records pertaining to the agreement between the two entities from January 1, 2008, through February 28, 2010. From this audit, CompleteRx determined that on the $37.2 million in transactions during this period, it had overcharged Good Shepherd approximately $37,000.00. CompleteRx shared these results with Good Shepherd.

On October 21, 2011, Good Shepherd filed a motion to appoint an auditor pursuant to Texas Rule of Civil Procedure 172. Six days later, at a hearing on Good Shepherd's motion, CompleteRx agreed to have the court appoint an auditor. However, counsel for Good Shepherd and CompleteRx disagreed about whether the auditor's fee should be taxed against the losing party if the case did not settle. On November 8, the trial court notified the parties of its appointment of Robert Bailes of Tyler as auditor. On November 11, CompleteRx filed a declaration invoking Texas Rule of Civil Procedure 167 and Chapter 42 of the Texas Civil Practice and Remedies Code. On November 15, pursuant to Rule 167 and Chapter 42, CompleteRx offered to settle the case for $70,000.00. The offer specified that Good Shepherd must accept it no later than 5:00 p.m. on December 1, 2011.

Good Shepherd responded by filing a motion for modification of time limits on

the same day the offer was made asking the court to delay the deadline for responding to CompleteRx's Rule 167 offer until after the auditor had submitted his final report. CompleteRx opposed the motion. Following a hearing on November 22, 2011, the trial court signed an order granting Good Shepherd's motion. The order provided that "Rule 167 shall not be effectively invoked or an offer made until such time as the agreed auditor files his final report," or alternatively, that Good Shepherd would have until fourteen days following the filing of the auditor's final report to respond to CompleteRx's offer of settlement. CompleteRx then filed this mandamus proceeding and a motion for temporary relief. We granted the motion and stayed the trial court's order pending our disposition in this proceeding.

### AVAILABILITY OF MANDAMUS

To be entitled to mandamus relief, CompleteRx must meet two requirements. First, it must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding). Second, it must show that it has no adequate remedy by appeal. *Id.* at 135–36.

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). (orig. proceeding). The reviewing court may not substitute its judgment for that of the trial court on matters within the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833,

839–40 (Tex.1992) (orig. proceeding). The trial court's ruling should be set aside only if it was arbitrary or unreasonable. *See Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex.2004).

■ Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

■ Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of appellate review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* Appeal is not an adequate remedy when the trial court's abuse of discretion thwarts legislative intent for speedier resolution of lawsuits. *See In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 314 (Tex.2010) (orig. proceeding).

### HISTORY OF RULE 167

In 2003, our legislature determined that our state faced "a general environment of excessive litigation." House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 4, 78th Leg., R.S., at 1 (2003) [hereinafter *Analysis* ]. Reformers in the legislature argued that the civil justice system should provide appropriate incentives to litigants to avoid unnecessary expense and shorten the time lawsuits stay in the system. *Part Two: Detailed Analysis of the Civil Justice Reforms*, 36 TEX. TECH L.REV. 51, 66 (2005) [hereinafter *Reforms* ]. They also contended that some lawsuits unnecessarily involved lengthy discovery and pretrial

maneuvering because one or both parties failed to realistically evaluate the lawsuit early in the litigation process to determine the possibility of settlement. *Id.*

One legislative solution to this crisis was to reduce the cost of litigation through cost shifting of litigation costs in some cases. *Analysis, supra,* at 1. To accomplish this, the legislature adopted an offer of settlement statute as part of H.B. 4, which includes the following provisions:

(a) If a settlement offer is made and rejected and the judgment to be rendered will be significantly less favorable to the rejecting party than was the settlement offer, the offering party shall recover litigation costs from the rejecting party.

(b) A judgment will be significantly less favorable to the rejecting party than is the settlement offer if:

(1) the rejecting party is a claimant and the award will be less than 80 percent of the rejected offer; or

(2) the rejecting party is a defendant and the award will be more than 120 percent of the rejected offer.

(c) The litigation costs that may be recovered by the offering party under this section are limited to those litigation costs incurred by the offering party after the date the rejecting party rejected the settlement offer.

TEX. PRAC. & REM. ANN.CODE ANN. § 42.004(a)-(c) (West Supp. 2011).

The offer of settlement statute was designed to provide an incentive for litigants to make and accept reasonable settlement offers early. *Reforms, supra,* at 66; *see also* Professor Elaine Carlson, *Offer of Settlement,* STATE BAR OF TEX. LITIGATION SECTION REPORT 6 (Fall 2003) (stating that Chapter 42 of the Texas Civil Practice and Remedies Code "provides for shifting of certain 'litigation costs' when an offer to

settle is rejected and the ultimate judgment is less favorable to the offeree"). Fee shifting is common in a majority of our states and has been a part of federal practice since 1938 under Federal Rule of Civil Procedure 68. Carlson, *supra,* at 6.

When the legislature created this offer of settlement mechanism, it also directed the Texas Supreme Court to promulgate rules providing the procedural details for its implementation. Specifically, the legislature directed as follows:

(a) The supreme court shall promulgate rules implementing this chapter. The rules must be limited to settlement offers made under this chapter. The rules must be in effect on January 1, 2004.

(b) The rules promulgated by the supreme court must provide:

(1) the date by which a defendant or defendants must file the declaration required by Section 42.002(c);

(2) the date before which a party may not make a settlement offer;

(3) the date after which a party may not make a settlement offer; and

(4) procedures for;

(A) making an initial settlement offer;

(B) making successive settlement offers;

(C) withdrawing a settlement offer;

(D) accepting a settlement offer;

(E) rejecting a settlement offer; and

(F) modifying the deadline for making, withdrawing, accepting, or rejecting a settlement offer.

TEX. CIV. PRAC. & REM.CODE ANN. § 42.005(a)-(b) (West 2008). In response, the supreme court, through its advisory committee, worked on a proposed offer of judgment/settlement rule for one and one-half years before adopting Texas Rule of Civil Procedure 167 prior to the January 1, 2004 deadline set by the legislature. *See* Carlson, *supra,* at 6. Texas Rule of Civil

Procedure 167.2(a) specifies how the settlement offer provision is to be invoked:

> (a) *Defendant's declaration a prerequisite; deadline.* A settlement offer under this rule may not be made until a defendant—a party against whom a claim for monetary damages is made—files a declaration invoking this rule. When a defendant files such a declaration, an offer or offers may be made under this rule to settle only those claims by and against that defendant. The declaration must be filed no later than 45 days before the case is set for conventional trial on the merits.

TEX.R. CIV. P. 167.2(a).

The supreme court also placed the following time limitations on when the offer can be made:

> (e) *Time limitations.* An offer may not be made:
>
> (1) before a defendant's declaration is filed;
>
> (2) within 60 days after the appearance in the case of the offeror or offeree, whichever is later;
>
> (3) within 14 days before the date the case is set for a conventional trial on the merits, except that an offer may be made within that period if it is in response to, and within seven days of, a prior offer.

TEX.R. CIV. P. 167.2(e). But the supreme court specified that only two of these time limitations can be modified by the trial court:

> (a) *Modification of time limits.* On motion, and for good cause shown, the court may—by written order made before commencement of trial on the merits—modify the time limits for filing a declaration under rule 167.2(a) or for making an offer.

TEX.R. CIV. P. 167.5(a).

Notably, the statute requires that the rule provide a procedure for "modifying the deadline for making, withdrawing, accepting or rejecting a settlement offer." *Reforms, supra,* at 75 (citing TEX. CIV. PRAC. & REM.CODE ANN. § 42.005(b)(4)(F)). However, Texas Rule of Civil Procedure 167.2(a)—the implementing rule—only provides a procedure for modifying the deadline for the defendant's filing of the initial declaration and for "making" an offer. *Id.* at 75–76 (citing TEX.R. CIV. P. 167.2(a)). "The rule seems to omit an associated mechanism for 'withdrawing, accepting or rejecting a settlement offer.'" *Id.* at 76.

### ABUSE OF DISCRETION

CompleteRx contends that the trial court had no authority to modify the time limit for Good Shepherd to respond to the settlement offer and clearly abused its discretion by doing so.

When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *In re Christus Spohn Hosp. Kleberg,* 222 S.W.3d 434, 437 (Tex.2007) (orig. proceeding). When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning. *Id.* Rule 167.5(a) clearly states that the trial court can modify the time limits for the defendant to file a declaration under Rule 167.2(a) or for making an offer of settlement. *See* TEX.R. CIV. P. 167.5(a). The rule makes no provision for the trial court to modify any other time limits in the offer of settlement statute. *See id.*

Good Shepherd concedes that Rule 167.5 does not explicitly refer to an extension of the deadline for responding to offers. It contends, however, that the legislature intended for the offeree be able to modify the deadline for accepting or rejecting a

settlement offer. *See* Tex. Civ. Prac. & Rem.Code Ann. § 42.005(b)(4)(F) (West 2008) (rules promulgated by supreme court implementing Texas Civil Practice and Remedies Code Chapter 42 to include procedure for "modifying, the deadline for making, withdrawing, accepting, or rejecting a settlement offer"). Therefore, Good Shepherd argues that we must harmonize Texas Rule of Civil Procedure 167.5(a) with Texas Civil Practice and Remedies Code Section 42.005(b)(4)(F).

It is well established that when a conflict arises between a statute and a rule of procedure, we must harmonize the statute and the rule if possible. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984) (holding that courts are to construe statutes so as to harmonize with other relevant laws, if possible"). Ultimately, however, the statute prevails unless the rule has been adopted subsequent to the statute and repeals the statute as provided by Texas Government Code Section 22.004. *Jackson v. State Office of Admin. Hearings,* 351 S.W.3d 290, 298 (Tex.2011). But this case does not involve a conflict between a procedural statute and a procedural rule. *Cf. M.R.R. v. State,* 903 S.W.2d 49, 52 (Tex.App.-San Antonio 1995, no pet.) (harmonizing statute and rule where statute required appellate court to consider statement of facts and rule of procedure prohibited court from considering late statement of facts absent timely motion for extension). Instead, it is a legislative directive to the supreme court.

The legislature specifically authorized the supreme court to promulgate procedural rules to implement Chapter 42 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 42.005(a), (b)(4); *see also* Tex. Gov't Code Ann. § 22.004(a) (West Supp. 2011). Good Shepherd urges that the supreme court

did not fully comply with Section 42.005 and that reading Rule 167 and Section 42.005 together will comply with the legislature's intent. However, the rules of construction do not authorize us to, in effect, modify the rule so that it addresses modification of the deadline for accepting or rejecting an offer. *See Christus Spohn,* 222 S.W.3d at 437 (requiring construction of unambiguous procedural rule according to its plain or literal meaning).

Good Shepherd also contends that even if we consider only the express language of Rule 167, we must uphold the trial court's order. Specifically, the trial court's order provides, in part, that "Rule 167 shall not be effectively invoked or an offer made until such time as the agreed auditor files his final report." This order was signed approximately one month after CompleteRx filed its declaration invoking Rule 167. Good Shepherd points out that Rule 167 permits a trial court to modify the deadline for effective invocation of Rule 167 and the making of an initial offer. Therefore, it contends, the trial court acted within its authority in modifying the deadline for invoking Rule 167, even though that modification effectively extended the time for Good Shepherd to respond to the offer. It is true that Rule 167 authorizes the trial court to modify the time limits for filing a declaration under Rule 167.2. However, we see nothing in the rule that permits a trial court to modify that time limit as to defendant that has filed a declaration.

Rule 167.5(a) is clear as to which time limits the trial court has the authority to modify in the offer of settlement statute. There is no authorization for the trial court to extend the time limit for an offeree to accept or reject a settlement offer. Nor is there any authorization for the trial court to modify the time for invoking Rule 167 as to a defendant that has invoked the rule. For this court to

relax the mandates of the rule would be tantamount to amending established rules of procedure. *Metro Dairy Queen Stores v. Dominguez*, 883 S.W.2d 322, 324 (Tex. App.-El Paso 1994, no pet.). This rule-making power is invested solely in the Supreme Court of Texas. *Id.; see also* TEX. GOV'T CODE ANN. § 22.004(a)-(b) (supreme court has full rulemaking power in practice and procedure in civil actions; rules and amendments remain in effect "unless and until disapproved by the legislature"). Accordingly, we hold the trial court clearly abused its discretion when it granted Good Shepherd's motion for modification of time limits.

### INADEQUATE REMEDY BY APPEAL

■ CompleteRx was entitled to invoke the Texas offer of settlement statute (Chapter 42) and Texas Rule of Civil Procedure 167. Therefore, it was entitled to shift the cost of the court-appointed auditor to Good Shepherd if settlement was not reached as outlined in the statute and the rule.

Two criteria should be met in order for a defendant to put any significant pressure, or risk, on the plaintiff by invoking Rule 167. Cliff Harrison, *"Texas Hold 'Em: Offer of Settlement Under Rule 167: Putting More Chips on the Table, Earlier in the Game "* 70 Tex. B.J. 936, 938 (2007). First, the case should be one of reasonably clear liability, such that the plaintiff has a good chance of recovering something at trial. *Id.* Second, the settlement offer should be reasonable, or, if anything, slightly more than reasonable." *Id.* After all, the higher the offer, the easier it should be for the defense to obtain a judgment of less than eighty percent of the offer, if rejected. *Id.*

Here, CompleteRx performed an internal audit of transactions occurring during the final twenty-six months of the agreement. The audit showed that CompleteRx had overcharged Good Shepherd $37,000.00 out of $37.2 million dollars in transactions over this twenty-six month period. Because approximately one year of the agreement was not addressed in its audit, CompleteRx made an offer of $70,000.00 to Good Shepherd to settle the case. This shifted the risk to Good Shepherd as contemplated under Chapter 42 and Rule 167. The trial court's order permitting Good Shepherd to delay its acceptance or rejection of CompleteRx's offer of settlement until after the court-appointed auditor completed his work took away the benefit of the statute for CompleteRx, i.e., requiring Good Shepherd to pay the entire cost of the court-appointed auditor if its own audit was correct. Because CompleteRx has no other way to take advantage of the statute, the trial court's order thwarted the legislature's intent. Accordingly, we hold that remedy by appeal is inadequate.

### DISPOSITION

Having concluded that the trial court clearly abused its discretion by granting Good Shepherd's motion to modify the time limit to respond to CompleteRx's offer of settlement and that CompleteRx does not have an adequate remedy at law, we ***conditionally grant mandamus relief.*** We trust that the trial court will promptly vacate its order granting Good Shepherd's motion for modification of time limits pursuant to Texas Rule of Civil Procedure 167.5 signed December 8, 2011. The writ will issue only if the trial court fails to comply with the court's opinion and order ***within ten days*** after the date of the opinion and order. The trial court shall furnish this court, within the time for compliance with the court's opinion and order, a certified copy of its order evidencing

such compliance. Our stay of the trial court's order is lifted.