**Reversed and Remanded and Majority and Dissenting Opinions filed June 26, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00368-CV

**KINGWOOD HOME HEALTH CARE, L.L.C. D/B/A HEALTH SOLUTIONS HOME HEALTH, Appellant**

**V.**

**AMEDISYS, INC., D/B/A AMEDISYS TEXAS, LTD, Appellee**

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-68291**

## D I S S E N T I N G   O P I N I O N

The majority holds that because Amedisys did not validly accept KHHC's settlement offer, the trial court erred in granting summary judgment predicated on breach of the purported settlement agreement. Because I would hold that Amedisys did, in fact, validly accept the offer, I respectfully dissent.

### Offer

In his June 11, 2010 letter setting forth the terms of the settlement offer, KHHC's counsel stated as follows:

RULE 167 STATUTORY OFFER OF SETTLEMENT

. . . .

Please accept this letter as an offer of settlement regarding the above referenced matter. Specifically, my client, [KHHC] makes this offer to pay your client, Amedisys, . . . to settle all monetary claims between the parties in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167.

. . . .

*Offer of Settlement*

KHHC offers to settle with Amedisys the following claims in accordance with Texas Civil Practice & Remedies Code Chapter 42 and Texas Rule of Civil Procedure 167:

KHHC offers a total sum of $90,000 to settle all claims asserted or which could have been asserted by Amedisys against KHHC in the above referenced case. This full and final offer is for all monetary damages claimed - including attorneys fees [sic], costs, and interest that were recoverable as of the date of this offer by KHHC. A lump-sum payment in the amount of $90,000 will be made by KHHC within fifteen (15) days after acceptance. If your client agrees, please indicate so by affixing your signature below and returning to me.

Amedisys may accept this settlement offer by serving written notice on KHHC's counsel before June 25, 2010, which is at least fourteen (14) days after this offer is served. . . .

**Acceptance**

In response, counsel for Amedisys sent the following email on June 25, 2010:

Attached please find Amedisys' acceptance of the settlement offer you sent pursuant to Rule 167. Please let me know when you are available on Monday to discuss the terms of the settlement agreement.

Attached to the email was a letter from counsel in which she stated:

Pursuant to Rule 167.3(b) of the Texas Rules of Civil Procedure, [Amedisys] hereby Accepts [KHHC's] offer to settle all monetary claims asserted against KHHC for the total sum of $90,000, for which a lump sum payment shall be tendered to Amedisys by KHHC within fifteen days after acceptance.

## Discussion

The majority holds that Amedisys' counsel's response did not constitute an acceptance but was instead a counter-offer because the purported acceptance failed to accept a material term, specifically that the settlement would include all claims which could have been included against KHHC. Under the majority's reading, the use of the phrase "all monetary claims asserted" in the response indicated a rejection of the offer. I disagree.

It is well-settled that to create an enforceable contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *E.g., Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 73 (Tex. App.— Houston [14th Dist.] 2010, pet. denied). A purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance. *Id*. at 74.

The responses from Amedisys' counsel, both the email and the attached letter, indicate a clear intention to "[accept] the settlement offer [KHHC's counsel] sent," and to "hereby Accept [ KHHC's] offer" in accordance with the offer's terms. The language in the responsive letter highlighted in the majority opinion is best viewed as merely a shorthand reference to the offer made on behalf of KHHC. KHHC's own counsel made a similar shorthand reference to the offer at the beginning of his letter, stating "[KHHC] makes this offer . . . to settle all monetary claims between the parties." KHHC's counsel again made such a reference in the letter under the "Offer of Statement" heading, stating "[t]his full and final offer is for all monetary damages claimed." Amedisys' counsel unconditionally responded to the offer using the same and similar language used in the offer. Additionally, the reference in the response to Texas Rule of Civil Procedure 167.3(b) further evidences counsel's intent to accept the offer rather than reject it and counter-offer.[1] There is no indication in the response that material terms were being

---

[1] The offer of settlement statute, passed in 2003, was designed as an incentive for litigants to make and accept reasonable settlement offers early in the litigation process. *See In re CompleteRX, Ltd.*,

challenged, qualified, or changed.[2]

I disagree that the trial court erred in granting summary judgment because no settlement agreement was reached between KHHC and Amedisys. I believe that as a matter of law, an agreement was reached between the parties. Accordingly, I would proceed to address KHHC's remaining issues and grounds for reversal.[3]

/s/         Martha Hill Jamison
                    Justice

Panel consists of Justices Frost, Seymore, and Jamison (Seymore, J. majority).

---

No. 12-11-00391-CV, 2012 WL 1355717, at *3 (Tex. App.—Tyler April 18, 2012, no pet. h.). When the legislature created this mechanism, it also directed the Texas Supreme Court to promulgate rules providing the procedural details for its implementation. In response, the supreme court adopted Texas Rule of Civil Procedure 167. *Id.* at *3. Rule 167.3(b) specifies how an offer is to be accepted:

> *Acceptance of offer.* An offer that has not been withdrawn can be accepted only by written notice served on the offeror by the deadline stated in the offer. When an offer is accepted, the offeror or offeree may file the offer and acceptance and may move the court to enforce the settlement.

Tex. R. Civ. P. 167.3(b). That procedure was followed here. Amedisys gave timely written notice of its acceptance to KHHC, filed the offer and acceptance and moved the court to enforce the agreement.

Rule 167.3(c) specifies how a settlement offer is to be rejected (written notice thereof served on offeror or failure to serve written acceptance). That procedure was not followed here.

It is unclear whether KHHC's offer to settle all claims "which could have been asserted" was proper under Rule 167.2. *See* Elaine A. Carlson, *The New Texas Offer of Settlement Practice—The Newest Steps in the Tort Reform Dance*, 44 The Advoc. (Texas) 104, 107 (2008) (raising issue regarding whether a Rule 167 settlement offer could properly cover claims not pleaded at the time of the offer and stating "[t]his question awaits clarification by the courts").

[2] The majority suggests that Amedisys' use of the word "settle" could be interpreted as "reserving its right" to sue KHHC on other claims. However, the term "settlement offer" is defined in Civil Practice and Remedies Code section 42.001(6) as "an offer to settle or compromise a claim made in compliance with this chapter." Tex. Civ. Prac. & Rem. Code § 42.001(6). *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854 (Tex. 1999), cited by the majority, supports Amedisys' position that it accepted KKHC's settlement offer. "When parties agree to settle their differences, this is commonly understood as fully resolving those differences." *Id*. at 860.

[3] As additional grounds for reversal of the summary judgment, Kingwood argued that (1) it withdrew its consent to the settlement agreement before the trial court entered judgment based on the agreement; (2) it presented evidence establishing a question of fact on affirmative defenses of fraud, fraudulent inducement, and failure of consideration; and (3) the trial court erred in granting certain of Amedisys' objections to Kingwood's summary judgment evidence.

4