

NUMBER 13-13-00708-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CAROLYN CASTERLINE

On Petition for Writ of Mandamus.

# OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Opinion by Justice Longoria**

Relator, Carolyn Casterline, filed a petition for writ of mandamus in the above cause on December 20, 2013 contending that the trial court abused its discretion by granting a motion to reconsider and reopen an expedited foreclosure proceeding after it had already denied the application for expedited foreclosure. *See* Tᴇx. R. Cɪv. P.

736.8(c).[1] Relator requests that we direct the trial court to set aside its order granting rehearing. We conditionally grant the writ of mandamus.

## I. BACKGROUND

Relator owned real property located at 103 Bay Court, Aransas Pass, Texas. On or about June 14, 2007, relator obtained a home equity loan from OneWest Bank, FSB ("OneWest") and granted a deed of trust to the property as collateral. Relator thereafter stopped making payments and OneWest began foreclosure attempts. Relator brought suit against OneWest in the United States Court for the Southern District of Texas alleging, *inter alia*, that OneWest induced her to enter into a "predatory loan agreement" and committed fraud. *See generally Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 486 (S.D. Tex. 2011). The federal district court granted summary judgment in favor of OneWest and dismissed relator's suit. *See id.*

OneWest reinitiated foreclosure proceedings on the property. Relator brought suit against OneWest again, this time in state court. OneWest removed the suit to federal district court, where OneWest once again obtained summary judgment in its favor. *See generally Casterline v. OneWest Bank, F.S.B.*, No. 13-40067, 2013 WL 3868011 (5th Cir. Jul. 03, 2013); *see also Casterline v. OneWest Bank, F.S.B.*, No. 2:12-CV-00150, 2012 WL 6630024 (S.D. Tex. Dec. 19, 2012); *Casterline v. OneWest Bank, F.S.B.*, 2012 WL 5465982 (S.D. Tex. Oct. 10, 2012).

OneWest once again initiated foreclosure proceedings by filing an application for an expedited home equity foreclosure proceeding under Texas Rule of Civil Procedure 736. *See generally* TEX. R. CIV. P. 736. Counsel for OneWest scheduled the hearing

[1] This original proceeding arises from cause number S-13-5428-CV-B in the 156th Judicial District Court of San Patricio County, Texas, and the respondent is the Honorable Joel B. Johnson, the presiding judge of that court.

2

on the application for Monday, October 14, 2013 at 1:30 p.m., and notified relator's counsel of the setting. According to OneWest's response to the petition for writ of mandamus:

> Days later, the trial court apparently sent notice of the hearing to the parties. This notice stated that the hearing was set for 9:00 a.m. rather than 1:30 p.m. One West's foreclosure counsel apparently did not receive this notice from the trial court, and thus did not recalendar the new time set for the hearing.

(Record citations omitted). The mandamus record includes a "Notice of Setting" issued by the court administrator, dated August 19, 2013, setting the foreclosure hearing for 9:00 a.m. The notice states that copies of the notice were mailed or delivered to the district clerk and counsel for the parties.

The hearing on the expedited application for foreclosure proceeded on October 14, 2013 at 9:00 a.m. as indicated in the trial court's notice. At the 9:00 a.m. hearing, the trial court denied OneWest's application for home equity foreclosure and dismissed the case with prejudice. Counsel for OneWest did not appear until 1:30 p.m., when counsel learned that the hearing on the application for expedited foreclosure had already occurred.

On October 17, 2013, counsel for OneWest filed a "Motion to Reconsider and Reopen Case" explaining that the failure to appear at the hearing was due to the foregoing scheduling issue. On October 18, 2013, the trial court granted OneWest's motion to reconsider and reopen the case by written order stating that the case "shall be reopened on the Court's docket and set for a final hearing." On October 24, 2013, the trial court reset the hearing on the home equity foreclosure application for November 25, 2013.

3

On November 20, 2013, relator filed a "Response to [OneWest's] Motion to Reconsider and Reopen Case and Motion to Quash Setting of Final Hearing." Through this pleading, realtor contended that OneWest's motion to reconsider and reopen was effectively a motion for new trial and was thus was prohibited by Rule 736.8(c). *See id.* R. 736.8(c). Relator requested that the trial court deny OneWest's motion and vacate the order resetting the final hearing of the case for November 25, 2013.

The trial court proceeded with the hearing on November 25, 2013 and granted OneWest's application for foreclosure. In response to relator's contention that the rules of civil procedure prohibited it from reconsidering its original denial of the expedited foreclosure proceeding, the trial court stated that it could reinstate the matter "on my own grounds on my own motion without a hearing within 30 days" and that it had the plenary power to do so. *See id.* R. 329b(d) (providing that the trial court has plenary power to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed).

This original proceeding ensued on December 20, 2013. This Court granted relator's motion for emergency temporary relief and stayed the trial court's order of October 18, 2013 granting reconsideration, and all foreclosure proceedings, including but not limited to the foreclosure sale set for January 7, 2014, pending further order of this Court. The Court requested that OneWest or any other persons or entities whose interest would be directly affected by the relief sought to file a response to the petition for writ of mandamus. OneWest's response and its accompanying record have now been filed. By two issues, relator contends that (1) the trial court abused its discretion

4

by reopening the foreclosure proceeding after it had denied the application and (2) she lacks an appellate remedy.

## II. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

## III. ANALYSIS

Under article XVI, section 50(a)(6)(D) of the Texas Constitution, the homestead of a family or of a single adult person is protected from forced sale for the payment of all debts except, for instance, as when an extension of credit is secured by a lien that may be foreclosed upon only by a court order. TEX. CONST. art. XVI, § 50(a)(6)(D); *see In re Dominguez*, No. 08-12-00317-CV, 2013 WL 5561640, at **3–4 (Tex. App.—El Paso Oct. 9, 2013, orig. proceeding) (op.). Under Texas Rule of Civil Procedure 735.1, a

party seeking to foreclose a lien for, *inter alia*, a home equity loan, reverse mortgage, or home equity line of credit created under the Texas Constitution may file an application for an expedited order allowing the foreclosure of a lien under Rule 736. *See* TEX. R. CIV. P. 735.1; *see also* TEX. CONST. art. XVI, §§ 50(a)(6), 50(k), 50(t).

Rule 736, as referenced in Rule 735, sets forth the procedures and requirements for seeking an expedited foreclosure. *See* TEX. R. CIV. P. 735, 736. A party may seek a court order permitting the foreclosure of a lien by filing a verified application in the district court in any county where all or any part of the real property encumbered by the lien is located, or in a probate court with jurisdiction over proceedings involving the property. *See* TEX. R. CIV. P. 736.1(a). The only issue to be determined in a Rule 736 proceeding is the right of the applicant to obtain an order to proceed with foreclosure under the "applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed." R. 735.2. A respondent may file a response to the application, but the response may not raise any independent claims for relief, and no discovery is permitted. *See id.* R. 736.4, 736.5(d). The trial court must not conduct a hearing on the application unless the respondent files a response, but must hold a hearing "after reasonable notice to the parties" if a response is filed. *See id.* R. 736.6. At a hearing, the petitioner has the burden to prove the grounds for granting the order sought in the application. *See id.* If no response is filed, the petitioner may obtain a default order. *See id.* R. 736.7.

A Rule 736 proceeding may be automatically abated if, before the trial court issues its ruling, the respondent files a notice with the clerk of the court in which the expedited lien foreclosure application is pending that the respondent has filed a petition

contesting the right to foreclose in a district court in the county where the application is pending. *Id.* R. 736(10); *see also Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 683 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that a mortgagor is not permitted to file a counterclaim to a Rule 736 expedited foreclosure proceeding and may only contest the right to foreclose in a separately-filed suit). In such a case, the rule provides that "[a] proceeding that has been abated shall be dismissed." TEX. R. CIV. P. 736(10).

The court must issue an order granting the application if the petitioner establishes the basis for the foreclosure; otherwise, the court must deny the application. *See id.* R. 736.8(a). "An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal." *Id.* R. 736.8(c). "Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." *Id.* An order issued pursuant to Rule 736 "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." *Id.* R. 736.9. After an order is obtained, a person may proceed with the foreclosure process. *Id.*

At issue in this original proceeding is whether the trial court abused its discretion in granting OneWest's motion to reconsider and reopen when Rule 736.8(c) expressly provides that orders issued under Rule 736 are "not subject to a motion for rehearing, new trial, bill of review, or appeal." *Id.* R. 736.8(c). In its response to the petition for writ of mandamus, OneWest argues that relator's petition "shows that she will continue to clutter the court system with meritless complaints and appeals in order to postpone the inevitable foreclosure of her home for as long as possible." OneWest contends that nothing in Rule 736.8(c) restricts the trial court's exercise of its plenary power to revise

7

its own orders, and that the trial court "with full knowledge of Relator's litigious history," should be able to determine the foreclosure application based on the merits rather than have it "dismissed due to a scheduling miscommunication." OneWest further contends, without evidentiary support or citation to the record, that relator suffered no prejudice as a result of the trial court's exercise of its discretion because the end result—the order permitting foreclosure—was "inevitable."

This original proceeding requires us to construe Texas Rule of Civil Procedure 736. When we construe rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding); *In re CompleteRx, Ltd.*, 366 S.W.3d 318, 323 (Tex. App.—Tyler 2012, orig. proceeding); *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The construction of procedural rules is a legal question and is subject to de novo review. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (stating that statutory construction is a legal question and therefore subject to de novo review); *see also In re CompleteRx, Ltd.*, 366 S.W.3d at 323. Thus, we first look to the plain language of the rule and construe it according to its plain or literal meaning. *Ford Motor Co.*, 363 S.W.3d at 579; *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437; *Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 864–65 (Tex. App.—Austin 2013, pet. filed). We read Rule 736 as a whole to ascertain its intent. *Huston*, 359 S.W.3d at 681; *Tex. Bldg. Owners & Managers Ass'n, Inc. v. Pub. Util. Comm'n of Tex.*, 110 S.W.3d 524, 531 (Tex. App.—Austin 2003, pet. denied). The Texas Code Construction

Act applies to the construction of procedural rules and, among other things, permits our consideration of the object sought to be attained, the circumstances under which the rule was enacted, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. §§ 311.002(a)(4), 311.023(1)–(3),(5) (West 2013); *see also Huston*, 359 S.W.3d at 681; *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). We liberally construe the rules of civil procedure to obtain "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" with "as great expedition and dispatch and at the least expense to both the litigants and to the state as may be practicable." *See* TEX. R. CIV. P. 1; *Huston*, 359 S.W.3d at 681.

In the instant case, Rule 736.8(c) expressly provides that:

> An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.

TEX. R. CIV. P. 736.8(a). The predecessor to Rule 736.8(a), former Rule 736.8(A), stated that "[t]he granting or denial of the application is not an appealable order." *See Grant–Brooks v. FV–1, Inc.*, 176 S.W.3d 933, 933 (Tex. App.—Dallas 2005, pet. denied). The rule was modified and expanded into its present form as quoted above in 2012. We note that courts routinely dismissed appeals brought under the predecessor rule. *See, e.g., id.* at 933; *see also King v. Deutsche Bank Nat'l Trust Co.*, No. 14-12-00621-CV, 2012 WL 4165589, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2012, no pet.) (per curiam mem. op.); *Johnson v. Residential Funding Real Estate Holdings, LLC*, No. 01-10-00287-CV, 2011 WL 2418516, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) (mem. op.); *Barriere v. Am. Serv. Mortg. Co.*, No. 14-10-00617-CV, 2010

9

WL 3504755, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, no pet.) (mem. op.); *Kibble v. CitiFinancial, Inc.*, No. 05-08-00359-CV, 2009 WL 456738, at *1 (Tex. App.—Dallas Feb. 25, 2009, no pet.) (mem. op*.); McLane v. Washington Mut. Bank*, No. 2-07-00460-CV, 2008 WL 2780665, at *1 (Tex. App.—Fort Worth July 17, 2008, no pet.) (per curiam mem. op.); *Cummins v. WM Specialty LLC*, No. 2-07-00209-CV, 2007 WL 2330934, at *1 (Tex. App.—Fort Worth Aug. 16, 2007, no pet.) (per curiam mem. op.); *Kelso v. Cit Group/Consumer Fin. Inc.*, No. 01-05-00671-CV, 2005 WL 3118182, at *1 (Tex. App.—Houston [1st Dist.] Nov. 23, 2005, no pet.) (mem. op.).

OneWest asserts that the trial court did not abuse its discretion in reconsidering its order on the application for expedited foreclosure because it did so within its period of plenary power and nothing in Rule 736.8(c) prohibits such action. However, we express no opinion regarding whether or not a trial court can sua sponte change its order under Rule 736.8(c) within its period of plenary power because that issue is not presented by this case. Rule 736.8(c) expressly prohibits motions for rehearing, new trial, bill of review, or appeals, and in this case, OneWest filed a "Motion to Reconsider and Reopen" which the trial court expressly granted by order. We determine the nature of a motion by its substance, not its title or caption. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 795 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). OneWest's "Motion to Reconsider and Reopen" requested the trial court to set aside its previous order, reopen the case, and "set the matter for a final hearing," thus, the motion was in substance a motion for

rehearing or new trial which is prohibited by Rule 736.8(c). *See In re Brookshire Grocery Co.*, 250 S.W.3d at 72; *Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601. Accordingly, based on the express language of Rule 736, the trial court abused its discretion in granting OneWest's motion for reconsideration. *See* TEX. R. CIV. P. 736.8(c). Moreover, given that Rule 736.8(c) expressly prohibits appeals from orders issued granting or denying the application for expedited foreclosure and requires challenges to be made by separate, independent proceedings, relator lacks an adequate remedy by appeal. *See id.*; *In re Dominguez*, 2013 WL 5561640, at **3–4.

## IV. CONCLUSION

The trial court abused its discretion in granting OneWest's motion to reconsider, vacating its previous order denying OneWest's application, and granting OneWest's subsequent application for expedited foreclosure, and relator does not have an adequate remedy by appeal. Accordingly, we lift the stay previously imposed by this Court. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant mandamus relief directing the trial court to vacate its October 18, 2013 and November 25, 2013 orders and reinstate its original order of October 14, 2013 denying OneWest's application. We are confident the trial court will act promptly in accord with this opinion. The writ of mandamus will issue only if the trial court fails to act within a reasonable time.

NORA L. LONGORIA
Justice

Delivered and filed the
15th  day of January, 2014.

11