

# NUMBER 13-13-00703-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SHELLY SALAZAR,** **APPELLANT,**

**v.**

**BENEFICIAL FINANCIAL 1 INC., SUCCESSOR
BY MERGER TO BENEFICIAL TEXAS INC, ITS
SUCCESSORS AND ASSIGNS,** **APPELLEE.**

---

### On Appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Shelly Salazar, attempted to perfect an appeal from an order granting expedited foreclosure under Texas Rule of Civil Procedure 736. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not an appealable order. The Clerk of this Court notified appellant of this defect so

that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. In response, appellant states that the trial court did not conduct a hearing as required by the Texas Rules of Civil Procedure. Appellant requests a thorough review of her file and that the appeal proceed.

The order on appeal granted the home equity foreclosure application filed by appellees pursuant to Texas Rule of Civil Procedure 736. Rule 736.8(c) states that an order granting or denying an application under Rule 736 "is not subject to a motion for rehearing, new trial, bill of review, or appeal." TEX. R. CIV. P. 736.8(c). Consequently, we lack jurisdiction over this appeal. *In re Casterline*, No. 13-13-00708-CV, 2014 WL 217285, at *5 (Tex. App.—Corpus Christi Jan. 15, 2014, orig. proceeding); *In re Dominguez*, 416 S.W.3d 700, 708 (Tex. App.—El Paso 2013, orig. proceeding); *see Grant–Brooks v. FV–1, Inc.*, 176 S.W.3d 933, 933 (Tex. App.—Dallas 2005, pet. denied) (interpreting predecessor rule).

The Court, having considered the documents on file and appellant's response, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
6th day of March, 2014.

2