

# NUMBER 13-14-00198-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ONEWEST BANK, FSB

## On Petition for Writ of Mandamus.

## OPINION

### Before Justices Garza, Benavides and Perkes
### Opinion by Justice Garza

Relator, OneWest Bank, FSB ("OneWest"), filed a petition for writ of mandamus in the above cause contending that the trial court abused its discretion by rendering an order denying relator's application for expedited foreclosure "with prejudice to refiling same."

*See generally* TEX. R. CIV. P. 735, 736.[1]  Relator requests that we direct the trial court to strike the language "with prejudice" from its order.  We conditionally grant the writ of mandamus.

## I. BACKGROUND

Real party in interest, Carolyn Casterline, owned real property located at 103 Bay Court, Aransas Pass, Texas.  On or about June 14, 2007, Casterline obtained a home equity loan from OneWest and granted a deed of trust to the property as collateral. Casterline thereafter stopped making payments and OneWest began foreclosure attempts.[2]

In the course of attempted foreclosure proceedings and related litigation, OneWest filed an application for an expedited home equity foreclosure proceeding under Texas Rule of Civil Procedure 736.  *See generally* TEX. R. CIV. P. 736.  On October 14, 2013, the trial court initially denied OneWest's application for an expedited foreclosure with prejudice, subsequently granted reconsideration of that order on October 18, 2013, and ultimately granted OneWest's application on November 25, 2013.  Casterline then filed an original proceeding in this Court contending that the rules of civil procedure prohibited the trial court from reconsidering its original denial of the expedited foreclosure application.  *See In re Casterline*, No. 13-13-00708-CV, 2014 WL 217285, at *1 (Tex. App.—Corpus Christi Jan. 15, 2014, orig. proceeding).  We concluded that Rule 736.8 prohibited the trial court from granting reconsideration of its original order.  *Id.*; *see* TEX.

---

[1] This original proceeding arises from cause number S-13-5428-CV-B in the 156th Judicial District Court of San Patricio County, Texas, and the respondent is the Honorable Joel B. Johnson, the presiding judge of that court.

[2] Additional information about the procedural history of this case can be found in a previous opinion issued by this Court.  *See In re Casterline*, No. 13-13-00708-CV, 2014 WL 217285, at *1 (Tex. App.— Corpus Christi Jan. 15, 2014, orig. proceeding).

R. Civ. P. 736.8(c) (providing that an "order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal."). We conditionally granted mandamus relief directing the trial court to vacate its October 18, 2013 and November 25, 2013 orders and reinstate its original order of October 14, 2013 denying OneWest's application. *In re Casterline*, 2014 WL 217285, at *6.

By order signed on January 21, 2014, the trial court vacated its October 18, 2013 and November 25, 2013 orders. This original proceeding ensued. By one issue, OneWest contends that the trial court abused its discretion by entering an order denying its application for expedited foreclosure with prejudice to refiling when Texas Rule of Civil Procedure 736.9 states that orders on such applications are "without prejudice." *See* Tex. R. Civ. P. 736.9. The Court requested and received a response to the petition for writ of mandamus from Casterline. Casterline contends generally that the trial court did not abuse its discretion in denying the application with prejudice because OneWest is precluded from re-filing another expedited foreclosure action and, further, that OneWest has an adequate remedy by appeal of any adverse decision that might be rendered in a judicial foreclosure action.

## II. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus

3

review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

Orders granting or denying applications for expedited foreclosure are not subject to appeal, and thus may be reviewed by mandamus. *See* TEX. R. CIV. P. 736.8(c); *In re Casterline*, 2014 WL 217285, at *5; *In re Dominguez*, 416 S.W.3d 700, 708 (Tex. App.—El Paso 2013, orig. proceeding).

### III. EXPEDITED APPLICATIONS FOR FORECLOSURE

Under article XVI, section 50(a)(6)(D) of the Texas Constitution, the homestead of a family or of a single adult person is protected from forced sale for the payment of all debts except, for instance, when an extension of credit is secured by a lien that may be foreclosed upon only by a court order. TEX. CONST. art. XVI, § 50(a)(6)(D); *see In re Dominguez*, 416 S.W.3d at 705. Under Texas Rule of Civil Procedure 735.1, a party seeking to foreclose a lien for, *inter alia*, a home equity loan, reverse mortgage, or home equity line of credit may file an application for an expedited order allowing the foreclosure of a lien under Rule 736. *See* TEX. R. CIV. P. 735.1; *see also* TEX. CONST. art. XVI, §§ 50(a)(6), 50(k), 50(t).

Rule 736, as referenced in Rule 735, sets forth the procedures and requirements for seeking an expedited foreclosure. *See* TEX. R. CIV. P. 735, 736. A party may seek a court order permitting the foreclosure of a lien by filing a verified application in the district

4

court in any county where all or any part of the real property encumbered by the lien is located or in a probate court with jurisdiction over proceedings involving the property. *See id.* R. 736.1(a). The only issue to be determined in a Rule 736 proceeding is the right of the applicant to obtain an order to proceed with foreclosure under the "applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed." *Id.* R. 735.2. A respondent may file a response to the application, but the response may not raise any independent claims for relief, and no discovery is permitted. *See id.* R. 736.4, 736.5(d). The trial court must not conduct a hearing on the application unless the respondent files a response, but must hold a hearing "after reasonable notice to the parties" if a response is filed. *See id.* R. 736.6. At a hearing, the petitioner has the burden to prove the grounds for granting the order sought in the application. *See id.* If no response is filed, the petitioner may obtain a default order. *See id.* R. 736.7.

The court must issue an order granting the application if the petitioner establishes the basis for the foreclosure; otherwise, the court must deny the application. *See id.* R. 736.8(a). "An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal." *Id.* R. 736.8(c). "Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." *Id.* An order issued pursuant to Rule 736 "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." *Id.* R. 736.9. After an order is obtained, the foreclosure may proceed. *Id.*

**IV. ANALYSIS**

5

Relator contends that the trial court erred in denying its application "with prejudice." The resolution of this issue requires us to construe Texas Rule of Civil Procedure 736. The Texas Rules of Civil Procedure have the same force and effect as statutes. *See Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 862 (Tex. App.—Austin 2013, pet. filed); *see also In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (orig. proceeding). Thus, when we construe rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding); *In re CompleteRx, Ltd.*, 366 S.W.3d 318, 323 (Tex. App.—Tyler 2012, orig. proceeding); *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The construction of procedural rules is a legal question and is subject to de novo review. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *see also In re CompleteRx, Ltd.*, 366 S.W.3d at 323. Of primary concern is the express language of the rule or statute. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437. "We first look to the plain language of the rule and construe it according to its plain or literal meaning." *Ford Motor Co.*, 363 S.W.3d at 579; *see In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437; *Assignees of Best Buy*, 395 S.W.3d at 864–65.

We further examine the rule as a whole to ascertain its intent. *Huston*, 359 S.W.3d at 681; *Tex. Bldg. Owners & Managers Ass'n, Inc. v. Pub. Util. Comm'n of Tex.*, 110 S.W.3d 524, 531 (Tex. App.—Austin 2003, pet. denied). The Texas Code Construction

6

Act applies to the construction of procedural rules and, among other things, permits our consideration of the object sought to be attained, the circumstances under which the rule was enacted, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. §§ 311.002(a)(4), 311.023(1)–(3),(5) (West, Westlaw through 2013 3d C.S.); *see also Huston*, 359 S.W.3d at 681; *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). We liberally construe the rules of civil procedure to obtain "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" with "as great expedition and dispatch and at the least expense to both the litigants and to the state as may be practicable." TEX. R. CIV. P. 1; *see Huston*, 359 S.W.3d at 681.

In the instant case, Rule 736.9 expressly provides that:

> An order [issued pursuant to Rule 736] is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding. After an order is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed.

TEX. R. CIV. P. 736.9. Based on the plain and express language of the rule, we conclude that the trial court abused its discretion in denying OneWest's application "with prejudice." *See Ford Motor Co.*, 363 S.W.3d at 579; *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437. Moreover, looking at Rule 736 as a whole, allowing a dismissal with prejudice would be inconsistent with the provisions of 736.8(c), which allows challenges to Rule 736 orders to be made in "a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." TEX. R. CIV. P. 736.8(c); *see Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam) (holding that a "dismissal with prejudice functions as a final determination on the merits"); *In re Guardianship of Patlan*, 350

S.W.3d 189, 196 (Tex. App.—Austin 2011, no pet.) ("A dismissal with prejudice is a final determination on the merits and prevents a party from re-filing a case under the doctrines of res judicata or collateral-estoppel.").

## V. Conclusion

The trial court abused its discretion in denying OneWest's application for expedited foreclosure "with prejudice." Accordingly, we conditionally grant mandamus relief and direct the trial court to strike the words "with prejudice" from its order of October 14, 2013 denying OneWest's application for expedited foreclosure. We are confident the trial court will act promptly in accord with this opinion. The writ of mandamus will issue only if the trial court fails to act within a reasonable time.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
29th day of April, 2014.

8