

# NUMBER 13-15-00144-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

KERRY HINKLE A/K/A KERRY L. HINKLE
AND GAIL HINKLE A/K/A GAIL C. HINKLE,                    Appellants,

v.

FLAGSTAR BANK, F.S.B.,                    Appellee.

---

### On Appeal from the 45th District Court
### of Bexar County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam

Appellants, Kerry Hinkle a/k/a Kerry L. Hinkle and Gail Hinkle a/k/a Gail C. Hinkle

Gabriel Aguilar attempted to perfect a restricted appeal from a September 25, 2014

default order on an expedited home equity foreclosure application in favor of appellee, Flagstar Bank, FS.B. ("Flagstar").[1]  *See generally* TEX. R. CIV. P. 736.

Currently before the Court is Flagstar's motion to dismiss this appeal for want of jurisdiction.   Flagstar contends that an order granting or denying a home equity foreclosure application is not an appealable order and any challenge thereto must be made in a suit filed in a separate, independent original proceeding in a court of competent jurisdiction.   *See id.* R. 736.8(c).   Flagstar asserts that appellants have made such a challenge by filing a lawsuit contesting the foreclosure in *Kerry Hinkle and Gail Hinkle v. Flagstar Bank, F.S.B.,* filed in cause number 2014CI01640 in the 57th District Court of Bexar County, Texas.   That cause was removed to the United States District Court for the Western District of Texas—San Antonio Division, Case No. SA-15-CA-0165-FB. Flagstar contends that the restricted appeal currently before this Court is not permitted by Rule 736 and moreover, the appeal has been rendered moot due to appellants' action in filing suit to contest the foreclosure.   Flagstar asserts that it is entitled to damages for the filing of this "frivolous" appeal pursuant to Texas Rule of Appellate Procedure 45 and requests that we award it costs and all other relief to which it may be entitled.   *See* TEX. R. APP. P. 45.

By response, appellants note that they filed their restricted appeal in this cause "out of an abundance of caution."   They do not oppose the dismissal of the appeal, but

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas.    *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

request that the appeal be dismissed with each party bearing its own costs "as the matters continue in the trial court where costs may be awarded if necessary." Appellants make this request "so Appellants may maintain and retain their home and so that justice may be done."

Under article XVI, section 50(a)(6)(D) of the Texas Constitution, the homestead of a family or of a single adult person is protected from forced sale for the payment of all debts except, for instance, as when an extension of credit is secured by a lien that may be foreclosed upon only by a court order. TEX. CONST. art. XVI, § 50(a)(6)(D); *see In re Dominguez*, No. 08-12-00317-CV, 2013 WL 5561640, at **3–4 (Tex. App.—El Paso Oct. 9, 2013, orig. proceeding) (op.). Under Texas Rule of Civil Procedure 735.1, a party seeking to foreclose a lien for, *inter alia*, a home equity loan, reverse mortgage, or home equity line of credit created under the Texas Constitution may file an application for an expedited order allowing the foreclosure of a lien under Rule 736. *See* TEX. R. CIV. P. 735.1; *see also* TEX. CONST. art. XVI, §§ 50(a)(6), 50(k), 50(t).

Rule 736, as referenced in Rule 735, sets forth the procedures and requirements for seeking an expedited foreclosure. *See* TEX. R. CIV. P. 735, 736. Rule 736.8(c) expressly provides that:

> An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.

*See id.* R. 736.8(a). The predecessor to Rule 736.8(a), former Rule 736.8(A), stated that "[t]he granting or denial of the application is not an appealable order." *See Grant–Brooks*

3

*v. FV–1, Inc.*, 176 S.W.3d 933, 933 (Tex. App.—Dallas 2005, pet. denied). The rule was modified and expanded into its present form as quoted above in 2012. We note that courts routinely dismissed appeals brought under the predecessor rule. *See, e.g., id.* at 933; *see also King v. Deutsche Bank Nat'l Trust Co.*, No. 14-12-00621-CV, 2012 WL 4165589, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2012, no pet.) (per curiam mem. op.); *Johnson v. Residential Funding Real Estate Holdings, LLC*, No. 01-10-00287-CV, 2011 WL 2418516, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) (mem. op.); *Barriere v. Am. Serv. Mortg. Co.*, No. 14-10-00617-CV, 2010 WL 3504755, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, no pet.) (mem. op.); *Kibble v. CitiFinancial, Inc.*, No. 05-08-00359-CV, 2009 WL 456738, at *1 (Tex. App.—Dallas Feb. 25, 2009, no pet.) (mem. op*.); McLane v. Washington Mut. Bank*, No. 2-07-00460-CV, 2008 WL 2780665, at *1 (Tex. App.—Fort Worth July 17, 2008, no pet.) (per curiam mem. op.); *Cummins v. WM Specialty LLC*, No. 2-07-00209-CV, 2007 WL 2330934, at *1 (Tex. App.—Fort Worth Aug. 16, 2007, no pet.) (per curiam mem. op.); *Kelso v. Cit. Group/Consumer Fin. Inc.*, No. 01-05-00671-CV, 2005 WL 3118182, at *1 (Tex. App.—Houston [1st Dist.] Nov. 23, 2005, no pet.) (mem. op.).

The Court, having considered the motion to dismiss and the response thereto, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See In re Casterline*, No. 13-13-00708-CV, 2014 WL 217285, at *5 (Tex. App.—Corpus Christi Jan. 15, 2014, orig. proceeding). Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c). We deny Flagstar's request to award it damages for a frivolous appeal under Rule 45. With regard to appellants' request that

4

we require the parties to the appeal to bear their own costs, Texas Rule of Appellate Procedure 43.4 provides that our judgment should award to the prevailing party the appellate costs, but it allows us to tax costs otherwise "as required by law or for good cause." *See id.* R. 43.4; *see also Recognition Commc'ns, Inc. v. American Auto. Ass'n, Inc.*, 154 S.W.3d 878, 894 (Tex. App.—Dallas 2005, pet. denied). Considering the pleadings, facts and disposition in this matter, we conclude that good cause exists to tax the costs against the party incurring same. *See id.* R. 43.4.

PER CURIAM

Delivered and filed the
11th day of June, 2015.