**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and Majority and Dissenting Opinions filed January 16, 2025.**



### In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00087-CV

---

## IN RE GOOGLE, LLC

**ORIGINAL PROCEEDING**
**Midland County, Texas**

---

### NO. 15-24-00090-CV

---

## IN RE GOOGLE, LLC

**ORIGINAL PROCEEDING**
**Victoria County, Texas**

# **O P I N I O N**

Relator Google, LLC has filed two petitions for writ of mandamus, complaining that trial courts in Midland County and in Victoria County abused their discretion by failing to compel the deposition of the State of Texas in enforcement actions against Google.[1]  In the Midland case, Google also sought to compel the deposition of the Office of the Attorney General in the alternative. Because Google is entitled to depose the State of Texas, we grant relief in part in both proceedings to allow a deposition of the State to go forward, while reserving for the respective trial courts to decide the scope and parameters of those depositions.  We also deny Google's alternative request in the Midland case to compel a deposition of the Office of the Attorney General.

## BACKGROUND

The State of Texas sued Google in Midland County for alleged violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41-.63, and the Texas Capture or Use of Biometric Identifier Act, *id.* § 503.001, alleging that Google improperly captures Texas consumers' biometric identifiers without their consent.  The State also sued Google in Victoria County under the Deceptive Trade Practices Act for allegedly collecting consumers' locations and browsing information unlawfully.

---

[1] By order dated August 26, 2024, the Texas Supreme Court transferred these original proceedings to this Court.  *See* Tex. Sup. Ct. Misc. Docket No. 24-9055 (Aug. 26, 2024).  We consolidate the proceedings solely for the purpose of this opinion.

2

After exchange of written discovery, in each case Google noticed the deposition of a representative of the State of Texas, the plaintiff, for an oral deposition. In the Midland case, Google sought to depose the State on 18 different topics, and in the Victoria case sought a deposition on 32 different topics, all under Rule 199 of the Texas Rules of Civil Procedure. The State moved to quash the depositions and obtained an automatic stay under Rule 199.4. In the Midland case, Google also noticed the deposition of the Office of the Attorney General, again under Rule 199, with the same 18 topics listed. The State again moved to quash the deposition and automatically stayed the deposition. *See* Tex. R. Civ. P. 199.4.

In each case, Google filed a motion to compel the State's deposition and, in the Midland case, also sought in the alternative to compel the deposition of the Office of the Attorney General.[2] The State responded in each case by taking the position that Rule 199 does not ever permit a deposition of a representative of the State and that, even if it did, the information sought by Google is protected by various privileges and duplicative of its written discovery. The State also opposed the deposition of the Office of the Attorney General in the Midland action on the same grounds.

After a hearing in each case, the trial courts denied Google's motions to compel the State's deposition in full and did not address the scope of the topics

---

[2] Google's petition for writ of mandamus from the Victoria case suggests that Google also sought to compel the deposition of the Office of the Attorney General in that case. The record before us from the Victoria case, however, does not include a deposition notice for the Office of the Attorney General, nor does Google's motion to compel seek that relief.

Google listed.[3]  Google then sought mandamus relief.  To obtain such relief, Google must show that the trial court abused its discretion and that it has no adequate remedy by appeal.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

## DISCUSSION

Because the trial courts refused to compel any deposition of the State, the first question we must address is whether Google is allowed to depose the State of Texas under Rule 199 of the Texas Rules of Civil Procedure.  This issue appears to be one of first impression in Texas.[4]  When interpreting a procedural rule, we first look to the plain language of the rule.  *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 579 (Tex. 2012).  We therefore begin our analysis, as the parties do, with the language of Rule 199.

Rule 199.1(a) allows a party to take the deposition of "any person or entity."  Tex. R. Civ. P. 199.1(a).  Rule 199.2(b) then provides specific instructions on the procedure for noticing a deposition, including the deposition of a corporate

---

[3] In the Victoria case, Google also filed a motion for rehearing and sought leave to amend its deposition notice, which the trial court also denied.

[4] Google and the State cite to various trial court orders in other enforcement actions, some of which allow a deposition of the State to go forward in an enforcement action, and others that do not.  We do not find any of these orders particularly persuasive, and they are certainly not dispositive of the legal issue before us.  Neither party cites to a case that squarely addresses the issue before us, and we have found none.

The dissent suggests that the reason this case is one of first impression is that "no one has ever tried" to take the State's deposition.  The orders Google attaches to its mandamus petition show that is incorrect.  It is more likely that the State has, in the past, reached agreements on such depositions but is now testing the waters for the first time to see if any appellate court will make a rule that such depositions are not allowed going forward.

representative. "The notice must state the name of the witness, which may be either an individual or a public or private corporation, partnership, association, governmental agency, or other organization." *Id.* R. 199.2(b)(1). In addition, the deposition notice must "describe with reasonable particularity the matters on which examination is requested." *Id.*

The State argues that it, as a sovereign entity, does not fall within the purview of Rule 199 and that, as a result, its deposition is never proper in an enforcement action. According to the State, if it files an action as a sovereign to enforce its laws, it does not have to designate a representative to sit for a deposition if requested. The State cites no precedential authority for this position; rather, it relies on the argument that the language of Rule 199 does not contemplate the deposition of a sovereign entity like the State of Texas. We disagree.

Rule 199, by its very terms, is broad enough in scope to allow for a deposition of the State of Texas. Rule 199.1 provides that a party is entitled to take the deposition of "any person or entity," *Id.* R. 199.1(a), and the State acknowledges that the State of Texas is an "entity." The rule's language is broad and, standing alone, suggests the State is subject to a deposition. In addition, although not binding on our analysis here, the Code Construction Act defines a "person" broadly as including a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code § 311.005(2).[5] This

---

[5] Although the Texas Rules of Civil Procedure are not codified, the Code Construction Act can be used in interpreting them because the Texas Supreme Court passes the rules pursuant to its authority under Section 22.004 of the Government Code, in addition to its constitutional authority. *See* Tex. Gov't Code § 311.002(4) (providing that Act applies to "each rule adopted

conclusion is consistent with the Texas Supreme Court's admonishment that the Texas Rules of Civil Procedure "must be 'liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial.'" *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 251 (Tex. 2021) (orig. proceeding) (quoting *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding)); *see also In re Westside Roofing, LLC*, No. 03-23-00219-CV, 2024 WL 79864, at *2 (Tex. App.—Austin Jan. 5, 2024, orig. proceeding) (mem. op.).[6]  We hold that the language of Rule 199.1, whether construing the word "person" or "entity," includes the State of Texas.

The State, however, contends that the language of Rule 199.1 is not controlling because it is not specific to corporate representative depositions.  The State relies on the fact that it, as a sovereign entity, is not listed anywhere in Rule 199.2, the portion of the rule specific to deposition notices, because it is not a

---

under a code"); *see also In re Casterline*, 476 S.W.3d 38, 43-44 (Tex. App.—Corpus Christi-Edinburg 2014, orig. proceeding) (using Act as aid in interpreting Texas Rules of Civil Procedure); *see also Huston v. U.S. Bank Nat'l Ass'n,* 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (stating that Act is aid in interpreting procedural rules); *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.,* 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (same).

[6] A rule or policy of "liberal" construction is simply the reverse of a rule of "strict" construction, in that both are applied to reach a decision when the statute or rule under consideration is ambiguous.  *See, e.g.*, *Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 720 (Tex. 2024) ("Like all common-law construction rules, . . . the rule of lenity applies only to the extent the statute at issue is unclear or ambiguous.  Indeed, to say that a statute will be 'strictly construed' is simply to say that any uncertain or ambiguous provision will be construed in favor of a particular party or result.").  Accordingly, although we do not reach such a conclusion here, if Rule 199 contains an ambiguity—susceptibility to more than one reasonable interpretation—we are required to resolve such ambiguity by using the construction that allows the greater scope or degree of discovery.

"governmental agency."  We need not decide today whether the State is correct that it does not qualify as a "governmental agency" under the Rule because Rule 199.2 also includes the right to notice the deposition of any "other organization," which, when read in harmony with the broad language of Rule 199.1, is consistent with the rule that a party is entitled to the deposition of "any person or entity."  In addition, the language of Rule 199.2 is permissive, providing that the noticed witness "may be" of the types of organizations listed; by its own terms, Rule 199.2's list is not exhaustive and instead must match the breadth of Rule 199.1. The Rule's language is unambiguously broad and certainly encompasses a right to depose any entity that is a party to a lawsuit.  Under any other interpretation, a party against whom an enforcement action is filed could never depose the only adverse party in the lawsuit.  We find no support for such an illogical conclusion in the language of the rule itself.[7]

---

[7] We also note that Rule 199.2(b)(1) is patterned after Federal Rule of Civil Procedure 30(b)(6).  *See, e.g.*, *In re Dodson*, No. 12-23-00207-CV, 2023 WL 5969609, at *3 (Tex. App.—Tyler Sept. 13, 2023, orig. proceeding) (mem. op.) ("This procedure [of Tex. R. Civ. P. 199.2] is modeled after Federal Rule 30(b)(6)."); *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 160 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding), *mand. granted on other grounds sub nom. In re Brown*, 653 S.W.3d 721 (Tex. 2022) (orig. proceeding) (per curiam).  We may look to federal authority for guidance when state and federal laws contain analogous language even if they are not identical.  *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 505 (Tex. 2012).  Our research has uncovered numerous cases in which a deposition of "the United States" was allowed under Federal Rule 30(b)(6).  *See, e.g.*, *A.R. v. Dudek*, No. 12-60460-CIV, 2015 WL 9450354 (S.D. Fla. May 20, 2015); *U.S., ex rel. Fry v. Health All. of Greater Cincinnati*, No. 1:03-CV-167, 2009 WL 5227661, at *2 (S.D. Ohio Nov. 20, 2009); *United States v. Magnesium Corp. of Am.*, No. 2:01-CV-40 DB, 2006 WL 6924985, at *5 (D. Utah Nov. 27, 2006); *United States v. CNA Fin. Corp.*, No. A98-285 CV, 2005 WL 8159495 (D. Alaska Dec. 28, 2005).  These cases lend further support to our holding.

The State also argues—and the dissenting opinion accepts—that Google's deposition notice necessarily means that counsel for the State, the Office of the Attorney General, will have to testify on behalf of the State. Not so. A party may choose who will testify in response to an organizational deposition notice; in fact, a party may designate different individuals to testify on each individual topic if it so chooses. Tex. R. Civ. P. 199.2(b)(1). If the State, in response to an organizational deposition notice, chooses to have its counsel sit for a deposition in this situation, that is a problem of its own creation and is not a necessary "constitutional problem" on which we should base our opinion, as the dissent suggests. It is also an issue each trial court may address, as discussed below, when setting the parameters for the deposition.

Having concluded that the State of Texas is subject to a deposition under Rule 199 in an enforcement action, we now turn to whether the trial courts abused their discretion in failing to compel the State's depositions in light of the State's objections to Google's deposition notices. In other words, we must decide whether each trial court could have, without saying so in its order, sustained the State's objections to all of Google's deposition topics, such that it was not an abuse of discretion for it to refuse to compel the State's deposition. In performing this analysis, we are mindful that the party opposing discovery, here the State of Texas, has the burden of proof in resisting the noticed depositions in the trial courts. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991). Before we decide if the State met its burden and, concomitantly, whether the trial courts abused their discretion, we must first look to case law on what is required in terms of proof by the party resisting discovery.

8

The parties to a suit may generally obtain discovery of information that is not privileged and is relevant to the subject matter of the pending action. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing Tex. R. Civ. P. 192.3(a)). Even if evidence sought in discovery would not be admissible at trial, it is discoverable so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a). Trial courts can, nevertheless, limit discovery based on concerns for proportionality; for example, if the discovery sought is cumulative or obtainable from another source that is less burdensome or expensive, or if the burden of the proposed discovery outweighs its benefit, the trial court can limit the discovery sought or deny it altogether. *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 248 (citing Tex. R. Civ. P. 192.4).

Against this backdrop, the State, as the party resisting Google's motion to compel, had the burden to plead and prove to the trial court the basis for its objections to the deposition, including any evidence necessary to support its position. *Lowry*, 802 S.W.2d at 671. Rule 193.4(a) requires that a party seeking to exclude a matter from discovery must produce any evidence necessary to support such a claim. Tex. R. Civ. P. 193.4(a). The Texas Supreme Court has distinguished discovery objections that do not require evidence, such as an objection to relevance, from those that do, such as claims of privilege, burdensomeness, or proportionality concerns. *See, e.g.*, *In re K & L Auto Crushers*, 627 S.W.3d at 253 (noting that mere allegations of burden are insufficient absent proof); *In re USAA*, 624 S.W.3d at 792 (concluding that party must support proportionality complaints with evidence and may not rely on

9

conclusory allegations); *In re National Lloyds Ins. Co.*, 532 S.W.3d 794, 804 (Tex. 2017) (orig. proceeding) (explaining that, except in limited circumstances where responsive documents themselves are sufficient proof, party asserting privilege in opposition to discovery request "must establish by testimony or affidavit a prima facie case for the privilege"); *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 340 (Tex. 1999) (orig. proceeding) (requiring no evidence to support relevance objection).

The State failed to meet its burden in resisting at least some of Google's requested deposition topics in both cases. The State contended, for example, that the topics Google noticed included matters protected by work-product privilege; yet the State provided the trial courts with no evidence to support any such claim of privilege. It also objected to some topics on the grounds of burdensomeness and duplication—what amounts to a proportionality objection—again without providing evidence to support those objections as required. Although the State contended in each trial court that Google's deposition request was cumulative and duplicative of written discovery already exchanged, the State's responses to Google's motions provided Google's written discovery requests, but, in large part, not the State's answers to Google's written discovery (which Google claims are incomplete).[8] Thus, there is nothing in either record demonstrating that Google's

---

[8] The State seems to suggest—and the dissent appears to agree—that because written discovery is available to Google, that means Google is not also entitled to a deposition. The Texas Supreme Court has confronted this argument before and has made clear it does "not agree with the conclusory assertion that a deposition is inherently more burdensome than written discovery. Moreover, the rules do not favor one discovery method over another or require that those methods be enlisted in any particular order." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 792 (Tex. 2021) (orig. proceeding).

requested depositions were duplicative of information it had already received in written discovery.

Lastly, although some of its objections, such as relevance and overbreadth, did not necessarily require it to produce supporting evidence, the State failed to make any such objections with regard to at least three of Google's proposed topics (topics 1, 7, and 15) in the Midland case and to several topics in the Victoria case, as well (topics 1, 9, and 15, for example). In other words, Google noticed the State's deposition on at least a few topics in each case on which either the State: (1) did not provide necessary evidence to support its objections; or (2) did not make an objection that could have stood on its own, without evidence, such as relevance or overbreadth. At a minimum, the trial courts should have held that the State failed to meet its burden on these topics and should have compelled the State's deposition in some limited form rather than issuing a general order that Google is not entitled to any deposition.

In short, although it may have had legitimate grounds for claiming Google's deposition request and the topics listed were duplicative or implicate privileged topics, the State failed to sufficiently prove its objections to at least some of Google's deposition topics. Instead, it relied on its sweeping claim that it never has to sit for a deposition in an enforcement action, even though it admits that some of the deposition topics are relevant to its lawsuit against Google.[9]

---

[9] The State attempts to remedy its lack of proof by filing a supplemental record in each original proceeding. Google has filed a Motion to Strike portions of the State's supplemental record in each proceeding, contending that this Court cannot consider such evidence because it was not before the trial courts when they made their rulings. We agree with this contention. *See In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding) ("In determining whether a

11

In light of this lack of proof and, in some instances, failure to object by the State, each trial court abused its discretion in denying Google's motion to compel the State's deposition. Google lacks an adequate appellate remedy because its inability to take the deposition of the only party suing it on subjects that the plaintiff admits are relevant goes to the very heart of Google's ability to mount a defense to the allegations against it, and because a reviewing court will be unable to evaluate the effect of the trial court's denial of discovery from the State. *See In re K & L Auto Crushers*, 627 S.W.3d at 256; *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995); *see also In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding).

This conclusion, however, does not end the trial courts' management of these discovery disputes. Even when a party is entitled to a particular method of discovery, a trial court still has broad discretion to shape that discovery and provide parameters for it. *In re National Lloyds Ins. Co.*, 532 S.W.3d at 802. It is apparent from the record in the Midland case that Google's specific deposition topics were not the focus of the hearing; the trial court concluded that Google was not entitled to a deposition at all, consistent with the State's arguments to that effect. And, although the State argued about Google's listed topics at the hearing in Victoria, the focus of the hearing was, again, the State's position that no deposition is allowed. There is nothing in the record showing that either trial court attempted to narrow the topics Google listed; instead, they each issued a wholesale denial of Google's right to depose the State. Since we hold that Google is, in fact,

---

trial court abused its discretion, a reviewing court is generally bound by the record before the trial court at the time its decision was made."). We therefore grant Google's Motion to Strike in each proceeding.

entitled to take the State's deposition as a threshold matter, we believe it is appropriate for each trial court to consider and decide, as it should have done at the outset, the parameters of the State's deposition, including the topics on which the deposition is allowed to proceed. By our opinion today, we are not suggesting that the trial courts in the underlying proceedings have no power at this point to limit Google's topics or to set guideposts for the depositions; rather, our holding is narrow—that the trial courts' blanket refusals to compel any deposition of the State were an abuse of their discretion.

Lastly, as an alternative to the State's deposition, Google also noticed the deposition of the Office of the Attorney General in the Midland case. The Office of the Attorney General, however, is not a party to the underlying lawsuit; instead, it is a separate agency that serves as counsel for the State of Texas in the lawsuit. Assuming without deciding that Google would possibly be allowed to depose the Office of the Attorney General, Google did not follow proper procedure in noticing the deposition because it was required to subpoena the Office of the Attorney General, as a third party to the suit. *See* Tex. R. Civ. P. 205. No such subpoena is in the record before us. We therefore deny mandamus relief as to Google's deposition notice for the Office of the Attorney General in the Midland action.

## CONCLUSION

In sum, because Google is entitled to a deposition of the State of Texas, we conditionally grant mandamus relief in both the Midland and Victoria actions. We deny mandamus relief as to Google's motion to compel a deposition of the Office of the Attorney General in the Midland action. The writs will issue only if the trial

13

courts fail to vacate their orders and to reconsider the motions to compel consistent with this opinion.[10]


/s/ Scott K. Field

Scott K. Field
Justice


Before Chief Justice Brister and Justices Field and Jones.*

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[10] On January 9, 2025, with these original proceedings pending, the Thirteenth Court of Appeals issued an opinion in the Victoria County action, reversing the trial court's denial of Google's special appearance and dismissing all of the State's claims against Google in that action for lack of personal jurisdiction. *State of Texas v. Google*, No. 13-23-00114-CV, 2025 WL ___ (Tex. App.—Corpus Christi-Edinburg Jan. 9, 2025, no pet. h.) (mem. op). Accordingly, our grant of relief as to the Victoria County action, and thus the Victoria County trial court's obligation to comply, is further conditioned on the issuance of a subsequent and final appellate decision, either by the Thirteenth Court of Appeals on rehearing or by the Texas Supreme Court on petition for review, affirming the Victoria County trial court's denial of Google's special appearance.