

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  |  | No. 08-12-00317-CV |
| IN RE:   MARIA GUADALUPE | § |  |
| DOMINGUEZ, |  | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. |  | IN MANDAMUS |
|  | § |  |
|  | § |  |
|  | § |  |

## **O P I N I O N**

In her petition for writ of mandamus, Relator, Maria Guadalupe Dominguez, presents four

issues related to foreclosure proceedings instituted by Real Party in Interest, Evolve Federal Credit

Union (Evolve), formerly known as El Paso Employee's Federal Credit Union.

### **BACKGROUND**

Eighty-year-old Relator, Maria Guadalupe Dominguez lives with her daughter, Maria C.

Rodriguez (Maria, formerly Maria C. Dominguez) and Sergio Rodriguez (Sergio), Relator's

son-in-law, at 109 Landon Way in El Paso.   The parties do not dispute that Relator, Maria, and

Sergio (the homeowners) have each "owned" a 1/3 undivided interest in the property since 2005 as

evidenced by a warranty deed filed with the County of El Paso.

In 2008, Maria and Sergio applied for a home equity loan with Evolve and executed a deed

of trust identifying the property as collateral. Before executing the loan documents, a credit union employee inquired about the identity of "Maria Dominguez." Maria explained that she was known as Maria Dominguez before her marriage. Maria, Sergio, and a credit union employee executed the loan documents. Although Relator is also known as Maria Dominguez, she did not apply for the home equity loan and did not execute the loan documents or deed of trust.

Maria and Sergio ceased making loan payments in or about July 2009. Thereafter, in November 2009, the credit union filed an application for expedited foreclosure against Maria and Sergio under Texas Rules of Civil Procedure 735 and 736. TEX. R. CIV. P. 735, 736. The case was assigned to the 210th District Court under Cause Number 2009-4764. Maria and Sergio filed their response to the application on December 14, 2009, and generally denied the credit union's allegations.[1] Relator was not identified as a party to the Rule 736 proceedings.

On or about March 2, 2010, Relator, Maria, and Sergio filed a separate lawsuit against the credit union seeking a declaratory judgment to void the credit union's lien on the homestead property under the Texas Constitution and contesting both the validity of the loan and the credit union's right to foreclose on the lien (the homeowners' lawsuit).[2] *See* TEX. CONST. art. XVI, § 50(a)(6). Although the heading of the petition identified that the homeowners' lawsuit was being presented "In The ___ District Court of El Paso County" and bears the file stamp of the District Clerk, the case was assigned to County Court at Law Number Five under Cause Number 2010-764.

That same day, the homeowners also filed an amended answer, affirmative defense, and motion for abatement and dismissal of the Rule 736 proceedings in the 210th District Court, where

---

[1] The filed document was identified as an "answer" rather than a response as set forth in Rule 736.
[2] Rule 736(10).

the credit union's foreclosure application was pending, and asserted that they were entitled to have the lien application abated and dismissed because they had filed in district court a suit challenging the right of the credit union to foreclose on the property. TEX. CONST. art. XVI, § 50(a)(6)(D); TEX. R. CIV. P. 735, 736(1). As an affirmative defense, the homeowners denied the existence of a debt, asserted that the credit union had forfeited its principal and interest in any security instrument creating a lien against the property under Article XVI, Section 50(a)(6)(Q)(xi) of the Texas Constitution,[3] and contended that the security instrument is void and unenforceable because not all owners of record consented thereto. *See* TEX. CONST. art. XVI, § 50(a)(6)(D); TEX. R. CIV. P. 735, 736(1). In her affirmative defense pleadings, Relator asserted that she did not sign the security instrument, did not consent to the instrument, and would not sign it.

On March 23, 2010, rather than ordering a dismissal of the automatically-abated expedited lien foreclosure proceeding as required under Rule 736(10), the 210th District Court instead consolidated the homeowners' right-to-foreclose lawsuit that had been transferred from County Court at Law Number Five to the 210th District Court into Evolve's Rule 736 expedited foreclosure application under Cause Number 2009-4764.

On May 11, 2010, the credit union filed an amended answer to the homeowners' foreclosure challenge suit, along with a counterclaim for fraud, and sought a declaratory judgment. It supplemented this filing by asserting an additional counterclaim of estoppel on June 28, 2010.

After the homeowners failed to appear for court-ordered status hearings in the 210th

---

[3] The provision cited in Relator's amended answer and motion does not exist. However, Section 50(a)(6)(Q)(xi) of the Texas Constitution provides that the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the extension of credit is made by a person other than a person described under Paragraph (P) of this subdivision or if the lien was not created under a written agreement with the consent of each owner and each owner's spouse, unless each owner and each owner's spouse who did not initially consent subsequently consents.

3

District Court, the trial court struck the homeowners' pleadings in the consolidated cases. On December 8, 2010, the court considered Evolve's Rule 736 expedited lien foreclosure application, entered a money judgment against Maria and Sergio, ordered the foreclosure of the deed of trust lien on the property, and ordered the property to be sold and the proceeds therefrom applied to satisfy the judgment.

On January 6, 2011, Relator filed a motion for new trial contending the December 8 judgment attached personal responsibility to her or placed an encumbrance upon her real property homestead arising from a note or contract that she did not execute. Relator also argued that the judgment purported to create a judgment lien not permitted under the Texas Constitution for a foreclosure sale, and that the judgment erroneously orders the sale of exempt homestead property by a judgment creditor in violation of the Texas Constitution and the Texas Property Code.

On February 25, 2011, after considering the credit union's motion, the trial court entered a corrected judgment. In that judgment, the trial court found that the credit union's application complied with Rules of Civil Procedure 735 and 736, that the homeowners' pleadings in the consolidated cases had been stricken by order of the court, that the credit union had met its burden of proof as to the elements of Rule 736(1)(E), and that the credit union should proceed with foreclosure. The corrected judgment ordered the credit union's recovery of $100,425.41 and other sums from Maria and Sergio, enforcement of the judgment against the property only and not against Maria and Sergio personally, and specified that the credit union could proceed with foreclosure of the property.

On May 21, 2012, the credit union filed an original petition for forcible detainer in Justice of the Peace, Precinct Five, against Maria, Sergio, and "[a]ll occupants" of the property. It also

4

filed in the justice court a motion in limine supported by a trial memorandum presenting *res judicata* arguments. On June 27, 2012, Justice of the Peace Monica Teran entered judgment awarding the credit union recovery and possession of the property and restitution of the premises, and directed that the forcible detainer defendants vacate the premises within five days.

The appeal of the forcible detainer judgment was apparently assigned to County Court at Law Number Six, where the credit union filed its motion for summary judgment on August 13, 2012. County Court at Law Number Six granted summary judgment on September 21, 2012.[4] Thereafter, Relator filed a plea in abatement in County Court at Law Number Six, raising some of the issues she now presents in her petition for writ of mandamus and, in the 384th District Court filed an original petition seeking to quiet title, alleging that the credit union's "home equity loan did not comply with the requirements of the Texas Constitution."[5] In both filings, Relator asserts that the home equity loan did not comply with Section 50 of the Texas Constitution.

On September 26, 2012, Relator filed in the 384th District Court an application for a temporary restraining order (TRO) and injunctive relief. The trial court issued the TRO against the credit union and scheduled a hearing for October 9, 2012. The credit union answered each of Relator's filings. On October 30, 2012, Relator filed her petition for writ of mandamus and sought temporary relief staying the County Court at Law Number Six proceedings, which we granted.

## DISCUSSION

### *Mandamus*

To be entitled to mandamus relief, a relator must establish that the act he seeks to compel is

---

[4] Cause Number 2012-CCV05110.
[5] The clerk's file stamps on the plea in abatement and petition are illegible.

ministerial and that no other adequate remedy at law is available. *See State ex rel. Young v. Sixth Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). An act is ministerial if it does not involve the exercise of discretion. *See State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001).

Relator asserts the District Court abused its discretion when it: (1) failed to dismiss Evolve's Rule 736 expedited foreclosure application as required when Relator filed suit challenging Evolve's right to foreclose the lien on the home equity loan and provided notice of her suit to the District Court before it granted or denied the application for expedited foreclosure; and (2) improperly consolidated and rendered a single judgment for both Evolve's Rule 736 expedited foreclosure application and Relator's right-to-foreclose suit, as Relator's filing of the suit abated Evolve's foreclosure application. TEX. R. CIV. P. 736(8)(A); TEX. R. CIV. P. 736(10). Although Relator identifies issues as if pursuing an appeal, we instead address Relator's contentions by determining whether her complaints and the record establish that the trial court erred by failing to perform a ministerial act, and that Relator is without an adequate remedy and entitled to mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135.

*Expedited Foreclosure*

Article XVI, Section 50(a)(6)(D) of the Texas Constitution protects from forced sale the homestead of a family or of a single adult person for the payment of all debts except when an extension of credit is secured by a lien that may be foreclosed upon only by a court order. TEX. CONST. art. XVI, § 50(a)(6). Under Texas Rule of Civil Procedure 735, a party seeking to foreclose a lien for a home equity loan created under Section 50(a)(6) is permitted to file: "(1) a

6

suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Tex. Prop. Code § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure."[6] TEX. CONST. art. XVI, § 50(a)(6); TEX. R. CIV. P. 735.

Rule 736, as referenced in Rule 735, sets forth the procedures and requirements for seeking an expedited foreclosure under Section 50(a)(6)(D). TEX. CONST. art. XVI, § 50(a)(6)(D); TEX. R. CIV. P. 735, 736(1). A party may file an application seeking a court order permitting the foreclosure of a lien by filing a verified application in the district court in any county where all or any part of the real property encumbered by the lien is located. TEX. R. CIV. P. 736(1). The only issue to be determined under Rule 736 is the right of the applicant to obtain an order to proceed with foreclosure under the security instrument and Texas Property Code Section 51.002. TEX. R. CIV. P. 736(7). A respondent may file a response but no discovery is permitted, and the issue must be decided within 10 business days after a hearing is requested. TEX. R. CIV. P. 736(6). The granting or denial of the application is not an appealable order. TEX. R. CIV. P. 736(8)(A). Rule 736(10) specifies that a Rule 736 proceeding is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the expedited lien foreclosure application is pending that respondent's petition contesting the right to foreclose has been filed in a district court in the county where the application is pending. TEX. R. CIV. P. 736(10); *see also Huston v. U.S. Bank Nat'l Association*, 359 S.W.3d 679, 683 (Tex.App. – Houston [1st Dist.] 2011, no pet.) (A mortgagor is not permitted to file a counterclaim to a Rule 736 expedited

---

[6] In 2011, Rules 735 and 736 were rewritten and renumbered in whole or in part, effective January 1, 2012. TEX. R. CIV. P. 735, 736 cmts. Unless otherwise noted, all references herein are to the applicable Rules of Civil Procedure in effect prior to January 1, 2012.

foreclosure proceeding and may only contest the right to foreclose in a separately-filed suit.). The rule then directs that "[a] proceeding that has been abated shall be dismissed." TEX. R. CIV. P. 736(10).

*Analysis*

Because a separate suit was filed under Rule 736(10) challenging Evolve's right to foreclose the lien on the home equity loan and notice of that suit was provided to the District Court before it granted or denied Evolve's application for expedited foreclosure, Relator asserts the 210th District Court's failure to dismiss Evolve's foreclosure application as required by Rule 736(10) constitutes an "abuse of discretion." TEX. R. CIV. P. 736(8)(A); TEX. R. CIV. P. 736(10).

Evolve contends Relator waived the motion to abate because: (1) she failed to properly present abatement and dismissal to the trial court; (2) the homeowners' lawsuit challenging its right to foreclose was improperly "filed" in County Court rather than in District Court as required; (3) Relator failed to present proper notice to the 210th District Court; (4) the trial court did not abate the lien foreclosure proceeding because no proper motion seeking abatement or hearing thereon or refusal of abatement occurred; (5) no order was entered regarding the motion; and (6) no objection to the consolidation was voiced.

Rule 736(10) provides that abatement is automatic when, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending, and the rule expressly directs that an expedited foreclosure proceeding that has been abated "shall be dismissed." TEX. R. CIV. P. 736(10). Unless the Legislature clearly intended otherwise, words used in statutes should be given their ordinary, reasonable meaning.

8

*Wright v. Ector County Indep. Sch. Dist.,* 867 S.W.2d 863, 868 (Tex.App. – El Paso 1993, no writ). Because the ordinary meaning of "shall" is mandatory, a trial court is required to dismiss an abated Rule 736 proceeding and is without discretion to act otherwise. TEX. R. CIV. P. 736(10); *see Tri-Star Petroleum Co. v. Tipperary Corp.*, 107 S.W.3d 607, 615 (Tex.App. – El Paso 2003, pet. denied); *Wright,* 867 S.W.2d at 868. We therefore consider Evolve's assertions that the filing of the homeowners' lawsuit and notice were improper.

The El Paso District Clerk also serves as clerk of a county court at law in cases where district courts and county courts at law have concurrent jurisdiction. TEX. GOV'T CODE ANN. § 25.0732(f) (West 2004). In civil cases where the amount in controversy exceeds $500 but does not exceed $200,000, the county courts at law and the district courts have concurrent jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0003(c), § 25.0732(a) (West 2004) (El Paso County courts at law have the jurisdiction provided by the constitution and general law for district courts in addition to the jurisdiction provided by Section 25.0003 and other law). Consequently, the El Paso District Clerk serves as the clerk for both the 210th District Court and County Court at Law Number Five, which share concurrent jurisdiction under the facts of this case.

Evolve complains that the homeowners' petition challenging the right to foreclose was improperly filed in County Court at Law Number Five rather than in District Court as specified in Rule 736(10). We observe that the homeowners' petition challenging the right to foreclose was filed with the El Paso District Clerk, was submitted with the pre-printed heading, "In the ___ District Court of El Paso County," and bears the stamp of the El Paso District Clerk. However, as we have noted, the district court and county court at law in whose courts the relevant documents were filed share concurrent jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0003(c), § 25.0732(a)

9

(West 2004). We also observe that the trial court not only knew of the homeowners' suit but consolidated the suit with the automatically-abated foreclosure proceeding.

Moreover, the homeowners also filed with the El Paso District Clerk a motion for abatement and dismissal under the heading, "In the 210th District Court of El Paso County, Texas," and with the caption, "Motion for Abatement and Dismissal." The motion to abate and dismiss comprised three pages as well as a signature page and included the subheadings, "Motion for Abatement" and "Motion to Dismiss." In their Motion for Abatement, the homeowners include a recitation that they had "filed with the district court a petition contesting the right of the lender [Evolve] to foreclose on Respondents[,]" and specified that, "The case filed is entitled PETITION FOR DECLARATORY JUDGMENT TO VOID SECURITY INSTRUMENT AND LIEN AGAINST RESIDENTIAL HOMESTEAD, Cause No. 2010-764 CC5."[7] In fact, the homeowners' petition is captioned, "Petition for Declaratory Judgment to Void Lien on Homestead Property and *Contesting Right to Foreclose on Homestead*" (emphasis added).

Although the homeowners argued in their Motion to Dismiss that the trial court was required under Rules 735 and 736 to dismiss the expedited lien foreclosure proceeding upon a proper motion for abatement and the granting thereof, we note that no motion for abatement was necessary because Evolve's expedited foreclosure application was automatically abated once the clerk-notification provisions of Rule 736(10) were satisfied. TEX. R. CIV. P. 736(10).

We conclude the homeowners' filing of its suit challenging Evolve's right to foreclose and its notice thereof filed with the District Clerk satisfies the requirements of Rule 736(10). TEX. R. CIV. P. 736(10). Because the homeowners satisfied Rule 736(10), the expedited lien foreclosure proceeding was automatically abated and the trial court was required to perform the ministerial

---

[7] The cause number was handwritten upon the motion.

duty of dismissing that proceeding.   TEX. R. CIV. P. 736(10).

We next consider whether Relator has an adequate remedy at law and conclude that she does not.   *See State ex rel. Young*, 236 S.W.3d at 210; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.   After the District Court failed to dismiss the automatically-abated lien foreclosure application proceedings, it consolidated those abated proceedings with the homeowners' lawsuit.   It later struck the homeowners' pleadings and improperly proceeded to consider the lien foreclosure application.   The court entered a judgment, and subsequently entered a corrected judgment, finding that Evolve was entitled to foreclose on the deed of trust lien and ordering, in part, that Evolve "may proceed with foreclosure under the Security Instrument . . . ."

Both the consolidation of the foreclosure proceeding with the lawsuit and the entry of judgment ordering foreclosure of the lien under Evolve's Rule 736 application were improper because the lien foreclosure application had been automatically abated and should have been dismissed.   TEX. R. CIV. P. 736(10).   Because the granting or denial of a Rule 736 lien foreclosure application may not be appealed, Relator is without an adequate remedy at law.   TEX. R. CIV. P. 736(8)(A).   The trial court's failure to perform the ministerial act of dismissing the lien foreclosure application proceeding and Relator's lack of an adequate remedy at law establish entitlement to relief in the form of a writ of mandamus.   *See State ex rel. Young*, 236 S.W.3d at 210; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## CONCLUSION

We conditionally grant relief and order Respondent to dismiss the expedited foreclosure application in Cause Number 2009-4764.   We are confident Respondent will comply, and the writ will issue only if it does not.   All orders and rulings in Cause Number 2009-4764 and Cause

11

Number 2010-764 are void.  Cause Number 2010-764 is remanded to County Court at Law Number Five.


                                        GUADALUPE RIVERA, Justice

October 9, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.