**Opinion issued March 28, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00696-CV

_____

## HOLLY DAWN RUTHVEN, Appellant

## V.

## D. ELAINE WIKE, Appellee

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CV-0969**

---

## MEMORANDUM OPINION

Texas law gives conclusive effect to final judgments and prohibits collateral attacks on claims and issues that have previously been finally resolved. *See Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628–31 (Tex. 1992) (discussing res judicata and collateral estoppel). This is an appeal from a

summary judgment dismissing a collateral challenge on the grounds of res judicata. On appeal, appellant Holly Dawn Ruthven argues that the prior judgment is void, and therefore res judicata does not preclude her lawsuit. We conclude that the underlying judgment is not void and res judicata applies. We affirm the trial court's judgment.

**Background**

Appellee D. Elaine Wike loaned appellant Holly Dawn Ruthven money to develop a parcel of real estate into a commercial RV park. The loan was secured by a note and deed of trust. Ruthven defaulted on the loan. After multiple failed attempts to resolve their dispute without litigation, Ruthven and Wike filed separate lawsuits against each other. Ruthven sued Wike challenging the validity of Wike's lien on the property. Wike sued Ruthven for foreclosure, pleading in the alternative for either a non-judicial foreclosure under Texas Rules of Civil Procedure 735 and 736, or a judicial foreclosure with an order of sale and writ of possession. Wike's and Ruthven's separate lawsuits were consolidated under cause number 15-CV-1153.

In 2019, the trial court rendered final, default judgment in Wike's favor. The court found that Ruthven owed Wike the unpaid balance on the loans, along with principal and unpaid interest, which amounted to a total of $216,440.40. The final judgment for judicial foreclosure included an order of sale and writ of possession.

2

In its findings of fact and conclusions of law, the trial court explained the reasons for the default judgment:

> As evidenced below, the Court had no alternative but to issue "Death Penalty" sanctions against this Plaintiff/Counter-Defendant (RUTHVEN) and enter said adverse Final Judgment as a direct consequence of this Plaintiff/Counter-Defendant's willful, obstructive disregard of this Court's lawful orders, her intentional defiance and abuse of discovery, and her intentional, disingenuous conduct and misrepresentations to this Court.

The trial court then enumerated the many specific abuses of discovery and litigation that Ruthven committed. The trial court detailed the applicable legal standards, and it concluded:

107. Sanctions are proper and justified under the facts and the law against Plaintiff/Counter-Defendant RUTHVEN pursuant to Rule 215 of the Texas Rules of Civil Procedure.

108. WIKE's pleadings are presumed true. TEX. R. CIV. P. 13.

109. WIKE is entitled to the Order of Sale to enforce her security interest in the property. TEX. R. CIV. P. 309.

110. WIKE is entitled to the Writ of Possession. TEX. R. CIV. P. 310.

Ruthven filed a notice of appeal in this Court, but she failed to file a brief. *Ruthven v. Wike*, No. 01-19-00817-CV, 2021 WL 3556663, at *1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.). In our opinion dismissing her appeal for want of prosecution, we stated: "Appellant's brief was originally due on February 27, 2020. Although appellant's counsel has filed numerous pleadings and received numerous extensions, she has failed to file a brief

3

on behalf of appellant almost *eighteen months* later." *Id.* (emphasis original). We detailed the procedural history in this Court, which included eleven requests for extension of time to file a brief, and we dismissed the appeal for want of prosecution. *Id.* at \*1–\*2. The Texas Supreme Court denied Ruthven's petition for review and motion for rehearing of the denial of petition for review. *See* Supreme Court of Texas Order of Feb. 4, 2022, denying review (https://www.txcourts.gov/supreme/orders-opinions/2022/february/february-4-2022/), and Supreme Court of Texas Order of April 1, 2022, denying rehearing https://www.txcourts.gov/supreme/orders-opinions/2022/april/april-1-2022/). Our Court's mandate issued on April 15, 2022.

After the mandate issued, Wike informed Ruthven that she intended to begin collection, and she offered Ruthven an opportunity to leave voluntarily before contacting a sheriff to effectuate eviction. Eventually a writ of execution was issued, and the property was sold at a public auction in July 2022, pursuant to the order of sale.[1]

Meanwhile, on June 1, 2022, Ruthven filed an original petition in this case. In her original petition, Ruthven alleged multiple causes of action challenging Wike's lien, based on allegations of unfairness and fraud in connection with the loans from Wike. In her petition, Ruthven alleged that the trial court's 2019

---

[1] Wike bought the property at public auction for approximately $25,000, which was credited to the deficiency judgment of approximately $216,000.

judgment was void because the trial court granted relief under Rules 735 or 736 of the Texas Rules of Civil Procedure (regarding nonjudicial foreclosure) when it had a mandatory duty to dismiss Wike's claims under those rules.

In response, Wike alleged that Ruthven's 2022 suit was barred by res judicata, and she moved for summary judgment. She attached the following evidence to her motion: (1) the 2019 trial court judgment, (2) the 2019 findings of fact and conclusions of law, (3) the memorandum opinion from this Court dismissing Ruthven's appeal of the 2019 judgment for want of prosecution, (4) the judgment and mandate from this Court, (5) orders from the Texas Supreme Court denying petition for review and rehearing of the denial of petition for review, (6) an email to Ruthven regarding eviction, (7) the writ of execution and order of sale, (8) the sheriff's sale documents, (9) a notice of lis pendens that Ruthven recorded after this Court's mandate issued, and (10) an email from Wike to Ruthven informing her that Wike intended to file a motion for sanctions if Ruthven did not vacate the property, remove the lis pendens, and dismiss her 2022 lawsuit.

Ruthven responded to the motion for summary judgment by arguing that res judicata was not a bar to her lawsuit because the underlying 2019 judgment is void. Ruthven argued that she filed suit initially to challenge the validity of Wike's asserted lien on her property. She asserted that when the trial court joined Wike's suit, Wike's foreclosure suit became a counterclaim. Ruthven argued that a claim

5

for expedited foreclosure under Rule 735 cannot be asserted by a lender as a counterclaim to a suit brought by a debtor challenging the validity of the lien. Ruthven maintained that the trial court was required to dismiss Wike's claims in the consolidated lawsuit. In addition, she argued that the trial court improperly included a deficiency judgment in the final judgment because Rules 735 and 736 prohibit rendition of a deficiency judgment. Finally, Ruthven argued that a final judgment under Rule 735 is not appealable, so there was no appellate jurisdiction in the prior case. Therefore, she concluded that the 2019 trial court judgment, the judgment from this Court, and the orders from the Supreme Court of Texas were all void because none of those courts had jurisdiction.

Ruthven supported her motion for partial summary judgment with an unsworn declaration from her attorney. In this declaration, he alluded to Ruthven's "claimed homestead," which was asserted in her petition in the prior lawsuit. Wike responded that Ruthven had no right to complain about the joinder of the cases because she had moved for joinder of the cases in the trial court.

The trial court agreed that Ruthven's suit was barred by res judicata, granted summary judgment in favor of Wike, and dismissed Ruthven's 2022 suit. Ruthven appealed.

## Analysis

On appeal, Ruthven first argues that the 2019 judgment is void because the trial court lacked subject-matter jurisdiction. Next, she argues that res judicata is inapplicable and unsupported by summary-judgment evidence. Finally, she asks this Court to treat her brief as a petition for writ of mandamus if we determine that we lack jurisdiction over this appeal.

## I. Standard of Review

Procedurally, this appeal arises as an appeal from a trial court's ruling on a motion for summary judgment. We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "When a defendant moves for summary judgment on a plaintiff's claim, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action." *Sur. Bonding Co. of Am. v. Auto. Acceptance Corp.*, 674 S.W.3d 580, 587 (Tex. App.—Houston

[1st Dist.] 2023, no pet.) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)).

## II.    The trial court's judgment was not void.

We understand Ruthven's first issue to be that the 2019 judgment was void because it was an improper judgment for expedited foreclosure under Rules 735 and 736. She asserts that Wike's foreclosure suit was an improper counterclaim.

Rules 735 and 736 pertain to foreclosures of certain kinds of liens. *See* TEX. R. CIV. P. 735, 736. Rule 735.1 defines which liens are affected by the rules. TEX. R. CIV. P. 735.1. It states that Rule 736 is the "procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument . . . including a lien securing any of the following . . . a home equity loan, reverse mortgage, or home equity line of credit under article XVI, sections 50(a)(6), 50(k), and 50(t) of the Texas Constitution." *Id.* Article XVI, section 50 of the Texas Constitution pertains to "Protection of homestead from forced or unauthorized sale; exceptions; requirements for mortgage loans and other obligations secured by homestead." TEX. CONST. art. XVI, § 50. Rule 736.11 provides that a proceeding or order of foreclosure is "automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P.

736.11(a). The rule also requires the trial court to dismiss a pending proceeding or vacate a Rule 736 order when the respondent files such a challenge. *Id.* 736.11(c).

Ruthven argues that the trial court had a nondiscretionary duty to dismiss Wike's foreclosure suit simply because she filed a suit putting in issue matters related to enforcement of the loan agreement. She also contends that, after the trial court granted her motion to consolidate her case with Wike's, Wike's suit became an impermissible counterclaim. She contends that the trial court had a ministerial duty to dismiss Wike's suit. *See In re Dominguez*, 416 S.W.3d 700, 707 (Tex. App.—El Paso 2013, no pet.).

We disagree with Ruthven. First, Wike pleaded for both a judicial foreclosure, which affords the creditor an opportunity to obtain a deficiency judgment if the indebtedness exceeds the sale price, and alternatively for expedited foreclosure under Rules 735 and 736. Rule 736.11 does not require a court to dismiss a suit for judicial foreclosure. *See* TEX. R. CIV. P. 735.3 ("Judicial Foreclosure Unaffected"). Second, prior to entry of judgment, the trial court struck Ruthven's pleadings as a sanction for abuse of the discovery and litigation process, after lesser sanctions had failed to secure her cooperation. So, as a matter of law, Ruthven had no live pleading putting in issue matters related to the lien or loan agreement when the trial court rendered judgment. The trial court's judgment made no mention of Rules 735 or 736, and it expressly awarded a deficiency judgment.

Because Wike pleaded alternatively for judicial and non-judicial foreclosure, we conclude that the 2019 judgment was a judicial foreclosure. Ruthven's argument regarding voidness is meritless.

We overrule Ruthven's first issue.

## III. Ruthven's suit is barred by res judicata.

On appeal, Ruthven's res judicata argument relies on her assumption that the 2019 judgment was based on Rules 735 and 736. Nevertheless, Ruthven has at least raised the issue of the propriety of the court's summary judgment, which was based on the affirmative defense of res judicata.

Res judicata is an affirmative defense. *See* TEX. R. CIV. P. 94. Res judicata, or claim preclusion, bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). The party asserting it must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

In this case, we have a prior final determination by courts of competent jurisdiction and identity of parties. In addition, Wike's first action was based on the loan agreement and lien. Ruthven is challenging the loan and lien in this case.

10

Because Wike pleaded for a judicial foreclosure, Ruthven could have raised her concerns about the loan in that action. But rather than pursue her claims and arguments, she forfeited her claims by sanctionable actions in the trial court. That is, she could have, but did not, raise her claims in the first action. We conclude that the third element of res judicata is satisfied here. *See id.*

We overrule Ruthven's second issue, and we do not need to reach her third issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.