

# NUMBER 13-24-00643-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BORAIN CAPITAL FUND-III, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Peña**
**Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator BoRain Capital Fund-III, LLC contends that the trial court[2] abused its discretion by failing to sign an order granting relator's application for expedited foreclosure when there are no disputes or defenses as to the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 (requiring the appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-3280-22-L in the 464th District Court of Hidalgo County, Texas, and the respondent is the Honorable Joe Ramirez. *See id.* R. 52.2.

relief that it seeks. *See generally* TEX. R. CIV. P. 735, 736. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On August 12, 2022, more than two years ago, relator filed an "Application for Expedited Order Under Rule 736 on a Home Equity Loan" on a residential property in Edinburg, Texas, against real party in interest Connie Ruiz. *See id.* Ruiz did not file a written response contesting relator's application. The trial court held its first hearing on relator's application on September 26, 2023, but reset the hearing for a later date because Ruiz, proceeding pro se, did not make an appearance at that hearing. The trial court held a second hearing on relator's application on February 7, 2024, a third hearing on August 6, 2024, and a fourth hearing on October 22, 2024. At the final hearing, Ruiz stated that she had secured funds to pay relator but requested additional time to "get the rest of the money together." The trial court agreed to reset the hearing for a final time.

This original proceeding ensued. By one issue, relator asserts that the trial court "abused and continues to abuse its discretion in failing and refusing to perform a ministerial act" by failing to grant relator's application "when there are no disputes or defenses as to the relief [r]elator seeks." This Court requested Ruiz, or any others whose interest might be affected by the relief sought, to file a response to relator's petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. More than ten days have passed, and Ruiz has not filed a response to the petition for writ of mandamus.

## II. MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem.*

2

*Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re Illinois Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The terms of Rule 736 impose ministerial duties on the trial court which may be enforced by mandamus. *See, e.g.*, *In re OneWest Bank, FSB*, 430 S.W.3d 573, 576 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *In re Dominguez*, 416 S.W.3d 700, 707–08 (Tex. App.—El Paso 2013, orig. proceeding). Further, an order granting or denying an application for expedited foreclosure "is not subject to a motion for rehearing, new trial, bill of review, or appeal," and "[a]ny challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." TEX. R. CIV. P. 736.8.

### III.    EXPEDITED FORECLOSURE

Texas Rule of Civil Procedure 736 governs expedited foreclosure proceedings for certain home-equity loans. *See* TEX. R. CIV. P. 735.1(a), 736; *see generally* TEX. CONST. art. XVI, §§ 50(a)(6)(D), 50(r); *Kapur v. U.S. Bank Nat'l Ass'n as Tr. for Holders of CIM Tr. 2021-NR2, Mortgage-Backed Notes, Series 2021-NR2*, 691 S.W.3d 663, 668 (Tex. App.—Houston [14th Dist.] 2024, pet. denied). "A Rule 736 proceeding is not 'an ordinary

3

lawsuit,' but rather 'a faster, more streamlined alternative to judicial foreclosure.'" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 383 (5th Cir. 2017) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.)); *see Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 433 (Tex. App.—Houston [1st Dist.] 2015, no pet.). "The only issue to be determined in a Rule 736 proceeding is whether a party may obtain an order under Rule 736 to proceed with foreclosure under applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P. 735.2.

As relevant here, a petitioner institutes foreclosure proceeding by filing an application for an expedited order of foreclosure containing certain required information and supported by an affidavit. *See generally id.* R. 736.1(d). The respondent may file a response contesting the application; however, any such "response may not state an independent claim for relief." *Id.* R. 736.5(a), (d). "The court must not conduct a hearing under [Rule 736] unless a response is filed." *Id.* R. 736.6. If the respondent fails to file a response, the petitioner may obtain a default order. *See id.* R. 736.7(a). "For the purposes of obtaining a default order, all facts alleged in the application and supported by the affidavit of material facts constitute prima facie evidence of the truth of the matters alleged." *Id.* "The court must grant the application by default order no later than 30 days after a motion is filed under [Rule 736.7](a) if the application complies with the requirements of Rule 736.1 and was properly served in accordance with Rule 736.3." *Id.* R. 736.7(b). If the petitioner establishes its right to foreclosure, "[t]he court must issue an order granting the application," and "[o]therwise, "the court must deny the application." *Id.* R. 736.8(a). Such an "order is without prejudice and has no res judicata, collateral

4

estoppel, estoppel by judgment, or other effect in any other judicial proceeding." *Id.* R. 736.9. "After an order is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed." *Id.*

## IV.  ANALYSIS

Relator asserts that the trial court has failed its ministerial duty under Rule 736 to grant relator's application for expedited foreclosure because there are no disputes or defenses to the relief it seeks.

We interpret the rules of procedure using the same principles that we apply to construe statutes. *In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (per curiam); *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *Boyce v. Eberstein*, 636 S.W.3d 708, 712 (Tex. App.—Dallas 2021, pet. denied). "Our review is de novo, and our primary objective is to give effect to the drafter's intent as expressed in the rule's language." *In re City of Dickinson*, 568 S.W.3d 642, 645–46 (Tex. 2019) (orig. proceeding). However, we apply our principles of statutory construction considering Texas Rule of Civil Procedure 1, which provides that the rules of procedure "shall be given a liberal construction" to further the rules' objective to "obtain a just, fair, equitable[,] and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1; *see Bethel*, 595 S.W.3d at 655; *Boyce*, 636 S.W.3d at 712. We begin with the text of the rule and construe it according to its plain meaning. *Bethel*, 595 S.W.3d at 655.

Based upon the record presented, relator filed its application for expedited foreclosure on August 12, 2022, and filed a motion for default judgment on December 9, 2022. Ruiz did not file a response to relator's application or any pleading regarding

5

relator's motion for default judgment. Nevertheless, the trial court held multiple hearings on relator's application and motion and has not issued a ruling. The trial court thus failed to comply with Rule 736 in at least two respects. First, the rule expressly provides that "[t]he court must not conduct a hearing under [Rule 736] unless a response is filed." TEX. R. CIV. P. 736.6. The term "must" imposes a mandatory rather than a discretionary duty, particularly when we consider the rule's expedited and streamlined process. *Image API, LLC v. Young*, 691 S.W.3d 831, 840 (Tex. 2024); *AC Ints., L.P. v. Tex. Comm'n on Env't Quality*, 543 S.W.3d 703, 709 (Tex. 2018); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 443 (Tex. App.—El Paso 2020, no pet.). Pursuant to Rule 736, the trial court should not have held hearings on relator's application because Ruiz did not file a response. *Id.* R. 736.6. Second, the rule states that the trial "court must issue an order granting the application if the petitioner establishes the basis for the foreclosure." *Id.* R. 736.8(a). Based upon this record, there is no dispute that relator's application "complie[d] with the requirements of Rule 736.1 and was properly served in accordance with Rule 736.3." *Id.* R. 736.7(b). Therefore, because relator established its right to foreclosure, the trial court had a ministerial duty to grant its application. *See id.* R. 736.8(a); *Image API, LLC*, 691 S.W.3d at 840; *AC Ints., L.P.*, 543 S.W.3d at 709; *PermiaCare*, 600 S.W.3d at 443.

We sustain the sole issue presented in this original proceeding.

## V.     CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has met its burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial

6

court to sign the order granting relator's expedited application for foreclosure. Our writ will

issue only if the trial court fails to promptly comply.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
28th day of January, 2025.